UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**

FEB - 4 2015

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

**11100 EAST COLONIAL INC.**
A Florida For Profit Corporation

Debtor

**V**                                     **Case No. 6:14-BK-09589 KSJ**

Adversary Proceeding Case No. _6:14-AP-156_

**GREGORY A HASTINGS**
**JAMES R KOEPKE**
**WILSON A KNOTT**

Creditors / Adversary Plaintiffs pro se

## ADVERSARY PROCEEDING

*AMENDED* **( COMPLAINT )**
( Based upon )

### FRAUD

### THEFT BY DECEPTION

### FRAUD UPON THE UNITED STATES GOVERNMENT

### MISREPRESENTATION

### ABUSE OF THE BANKRUPTCY COURT & IT'S PROTECTION

### MISAPPROPRIATION OF ASSETS

### FAILURE TO DISCLOSE

73857   1
$350.00

**INTENTIONAL CAUSATION OF DELAY IN STATE CASE**
**BY FILING AN UNFOUNDED & UNSUBSTANTIATED**
**BANKRUPTCY PETITION ON A CORPORATION**
**THAT WAS DISSOLVED IN 2008 WHICH HAS NO ASSETS**

**LACK OF JURISDICTION TO INITIATE BANKRUPTCY**
**UNAUTHORIZED DISSOLUTION & UNAUTHORIZED BANKRUPTCY OF COMPANY**

**COLLUSION WITH CORPORATE COUNSEL & THIRD PARTY**
**TO STEAL BY DECEPTION & SECRET, THAT WHICH RIGHTFULLY**
**BELONGED TO THE ORIGINAL SHAREHOLDERS WHILE**
**SIMULTANEOUSLY COLLAPSING THE COMPANY**

Come now Creditors & Adversary Plaintiffs pro se Gregory A Hastings,

James R Koepke, and Wilson A Knott, all owners / shareholders and two of the

original founders of the E.C.I. / Amazon Village Mini Mall and concept, and file

this complaint under title of U.S. Bankruptcy rule 7001. Adversary Proceeding

against the debtor 11100 East Colonial inc. ( hereinafter known as **E.C.I.** )

**JURISDICTION**

The bankruptcy petition **6:14-BK-09589** was filed in the Orlando Division of

the Middle District of Florida under U.S. Bankruptcy Chapter # 7 . The petition

was signed by President / Director of the corporate debtor ECI, who's name is

2

Robert G Dello Russo.  The formal creation, and filing of the bankruptcy petition

was performed by counsel of the firm Winderweedle, Haines, Ward & Woodman

PA  located at 329 Park Avenue North 2nd. Floor 32789 PO BOX 880 Winter Park,

Florida 32790 0880 ( Ryan E Davis ) of the firm. The corporate office of ECI is

located **in Seminole County, Florida.    The origination of the ECI corporation**

**took place at the office** of attorney Philip F Keidaish Jr. P.A.  at 320 Sable Palm

Place in Longwood, Florida on May 07,  2004 at which time,  Robert G Dello Russo

was elected President and sole director **for the period of one year,**  as specifically

mandated by the corporate bylaws document.


## BRIEF HISTORY


1   ECI stands for 11100 **E**ast **C**olonial **I**nc. which was the legal address of

the commercial property in east Orlando set up as a mini mall concept by Greg

Hastings & James Koepke.  ( Amazon Village Mini Mall ) *not a flea market.*

*Orange County forbid any permits for a flea market.   It had to be a market*

*of separated stores by steel studs & drywall with doors, outlets etc. and had*

*To have fire alarms.*

3

2   The two were approached by Broker Wilson Knott for a possible joint venture with the inclusion of Knott's associate Robert G Dello Russo of Del Air Heating & Air Conditioning Company.  Hastings and Koepke had never met Dello Russo, nor Knott prior to this.

3   Dello Russo liked the concept, and decided he wanted to get involved, and would make a **capital contribution of $6.5 + million dollars** toward the acquisition, and development of the property and project in exchange for 51% ownership of E.C.I. stock, and property **only pertaining** to his profits.  It was agreed by all four partners from the beginning that Dello Russo would NOT get involved in the operation, nor concept, or design of the property or mini mall.  That was specifically stated as a contingency for Hastings and Koepke to assign their property purchase contract that ONLY THEY held over to the newly formed E.C.I. corporation.

4    Dello Russo's continual claim was that he wanted nothing to do with the operation of the business, and was only interested in the rental income  that would be provided each month by the individual store tenants in the newly constructed Amazon Village Mini Mall, which was the DBA of our E.C.I. corporate entity.  Dello Russo would receive 51% of the net profit each month. Likewise,

4

Koepke would receive 15%,  Hastings 15%, and Knott would receive 19%.

The average monthly general overhead including advertising was approximately

$50,000.00 per month including salaries, taxes, and insurance. There was no

mortgage, and no debt.

5   It was agreed by all four parties ( stockholders ) that Hastings & Koepke

would design, create, and operate the mini mall since Hastings had already been

working for three years on the concept, and layout.   Knott would assist in

securing prospective tenants, and working in an advisory capacity.

6   Unbeknownst to Hastings & Koepke was that almost immediately after

the real estate deal closed, and Hastings & Koepke had been working 7 days a

week on the demolition, clean up, and preparation of the 11.6 acre property, and

the 120,000 square foot building, Dello Russo, and his friend Howard C Barton aka

CHAD Barton were quietly crafting a way to create a coup in which to

( get rid of Hastings ) after he and Koepke did all the dirty work.   Remember,

this was HASTINGS' & KOEPKE'S project.  Dello Russo had NOTHING to do with

the concept, nor the negotiations of securing this enormous, and high profile

property which were accomplished ONLY by Hastings & Koepke after the

K-Mart bankruptcy release of 2002 from the U.S. Trustee.

7   Hastings was well liked by the contractors, and workers at the location,

and had no problems interacting with anyone on a daily basis.  Dello Russo's

attorneys continually claim that ( disagreements occurred ) between the partners

which caused Hastings to be removed, and the business was a failure, and a losing

proposition which cost Dello Russo over $70,000.00 per month to subsidize, and

Plaintiff Hastings is ( **outraged** ) that he's never had the opportunity to quash

these fraudulent, and misrepresentative claims by not only Dello Russo, but

his counsel Kevin Ross **( who happens to be the corporate counsel for ECI )**

and is **SUPPOSED TO** work diligently towards the benefit of the corporation,

and **ALL OF IT'S SHAREHOLDERS EQUALLY.    Not just the wealthiest one.**

8   On August 10, 2004,  Dello Russo, and Barton appeared at the location

with four armed Officers of the Orange County Sheriff's Department demanding

Hastings be physically removed from the property for what they said was his

physical abuse, and physical threats with a firearm to all the contractors, and

allegations of sexual improprieties towards the female office staff of the Amazon

Village.   All **bogus and unsubstantiated, and found immediately by the officers**

**on scene to be false allegations;**  however, the allegations had already

been made, and Hastings had no idea as to what was going on, as this was a complete surprise, and an obvious ambush & sham, and these were fraudulent police reports against Hastings.    Koepke and numerous other witnesses were present.

9    Subsequently, Hastings was advised by the Police that it would be safer for him, and perhaps better all the way around if he agreed to leave the property, and perhaps seek legal counsel, which is what Hastings did.  Hastings' original attorney made numerous attempts to get through to Dello Russo that he couldn't just throw Hastings out of the business that Hastings was the founder of, and take away his corporate ownership by way of a fraudulent capital call.  However, the response from Dello Russo was Hastings & his attorney could go xxxx xxxxxxxxxx. AND THAT'S why Hastings' attorney Al Frith filed the original case against Dello Russo / ECI et al back in March of 2005.   Case # 2125

10    In March of 2005 Hastings filed that lawsuit against Dello Russo et al known commonly between the parties as Case No.  2005-CA-002125-O under then presiding Judge Renee Roche.

11    Since 2005,  Dello Russo managed to rapidly **( destroy )** an amazingly

profitable business that brought in $129,550.00 in it's first 30 days of operation at

only 60% occupancy of this then new mini mall concept, and through Dello

Russo's disastrous mismanagement, and tyrannical methods of doing business,

the tenants began moving out faster than they originally moved in.  These people

at 102 solid tenants signed on because of Hastings & Koepke.  NOT because of

Dello Russo.  He was never there when prospective tenants came to the property.

His people skills are rather lack luster, and the attitude that HE will do what ever

he pleases, and if the tenants don't like it, then they can " GET THE HELL OUT "

and sue him,  didn't go over well.   ALL of this outrageous behavior had nothing to

do with Hastings nor Koepke, because Hastings was gone from the scene FOUR

MONTHS prior to the opening of Amazon Village Mini Mall.  IN FACT,  Hastings

was never even advised of the opening, nor the Grand Opening of the operation.

Dello Russo actually demanded the Sheriffs issue a NO TRESPASS order against

Hastings even though Hastings put the whole deal together.  The Police refused.

12     **For the period of one year,** pursuant to the terms specified in the Bylaws

of ECI, Dello Russo was to be Sole Director and President.  When that first year

had come to pass, Dello Russo had **( crashed )** the business, and refused to step

down as sole Director,  President and continued to use the Amazon Village / ECI

8

as his personal cash cow, piggy bank,  and  destructive tax tool.

13      What happened in the essence of brevity is that Dello Russo literally

**plundered** the Amazon Village Mini Mall finances and business by crisscross loans,

misappropriations, ( forgery ),   intentional backdating of legal documents,   illegal

notarizing of said documents, Illegally recording a fraudulent multi million dollar

mortgage, and promissory note in the public records of Orange County Florida,

defrauding an FDIC insured bank: Wachovia, and WASHING a dirty mortgage into

a clean one through said bank, and numerous other acts that were either WITH,

THROUGH, or ON BEHALF OF  ( Debtor E.C.I. )  How is it even REMOTELY possible

that Hastings, Koepke, or even Knott could have had ANYTHING what so ever to

do with the failure of Amazon Village Mini Mall / ECI ?  Rhetorical...

14      ECI was Dello Russo's **alter ego** which ECI had no choice in, since Dello

Russo was the sole Director, and when that first year lapsed, he refused to even

SPEAK to any of the shareholders of E.C.I. thus, he remained in that position.

15      ECI through no fault of it's own became Dello Russo's robot of crime, and

corruption, and was thus named as a co defendant in the 2125 suit filed by

Hastings in 2005.

16    After an initial court ordered mediation had gone sour in it's first 20

minutes due to Dello Russo's behavior in the office of Mediator Sam Weiss,

and Dello Russo's refusal to negotiate,  Judge Roche ordered a second

mediation which yielded a settlement agreement which was  *void ab initio.*

17    Attorney Kevin Ross has always represented Dello Russo personally since

2005.

18    Attorney Kevin Ross has always represented  E.C.I. since 2005 ( **AGAINST )**

it's shareholders, and solely in favor of it's largest shareholder,  his personal,

and most wealthy client; Dello Russo.

19    Attorney Kevin Ross has always represented Wilson Knott since 2005 in

the state case as well as the former companion cases.  Although Kevin Ross claims

that H Clay Parker was Knott's attorney at all times, **that is false !** as there are no

pleadings on behalf of Knott filed by attorney H Clay Parker.  Further, there are

no invoices for legal services rendered to Knott by H Clay Parker, and further yet,

H Clay Parker did not sign the original M.S.A.  derived from the mediation of

April 10, 2006.   There is no engagement letter,  there is no contract of employ,

and there is no retainer agreement that exists stating that H Clay Parker is the

attorney of record for Wilson A Knott.   Although Parker did show up at a

deposition for Knott,  he said nothing, and did nothing, and was only there at

the instruction of ECI Corporate Counsel, and Dello Russo's personal counsel

Kevin Ross.  Any and all responses in the state cases prove beyond doubt that

Kevin Ross handled ALL of Knott's interests. ( in the state case only )

Additionally it needs to be pointed out to the court that KEVIN ROSS is

the attorney who presented Knott with the Settlement Agreement ( MSA ) and

H Clay Parker never spoke to nor communicated with Knott about ANYTHING

regarding the mediation of April 10, 2006.

If this court will recall,  KNOTT is a former debtor who was deprived of his

rightful money from the current debtor ECI and that manipulation, and

deprivation was executed by the combined, and conspired efforts of Dello Russo,

his Goombah Howard ( Chad ) Barton, **AND ATTORNEY KEVIN ROSS.**

This court has ordered the **reopening** of the Adversary Proceeding

filed by Hastings and Koepke in the Chapter 7 Bankruptcy of Wilson A Knott

which has been discharged.   The purpose of reopening that Adversary Proceeding

is to address the sanctions motioned for by Hastings & Koepke against **attorneys**

**Kevin Ross,  Christina Kennedy,  Alan Poppe, and the firm Foley Lardner LLP** for

their unauthorized, illegal and fraudulent alleged representation of Debtor

Wilson A Knott in the Adversary Proceeding.  Such fraudulent, and unauthorized

representation caused the existing state case and trial to be stayed, and thus

delayed for roughly a year and a half.

Further, it needs to pointed out to the court that Kevin Ross is notorious

for flim flamming the court on both the state level and federal level regarding

all aspects of all of these related / companion cases going back to 2005.

From one side of his mouth he claims he's representing certain parties,

and not others, and then out of the other side of his mouth he claims that he

never represented certain parties that he formerly DID represent, and then

he claims that he has no conflict of interest while he represents the corporation

of Debtor ECI **only in the soul interest of his wealthiest client AGAINST** all of

the remaining shareholders while he simultaneously represents Dello Russo

personally.   Then he throws his hat in the ring in an Adversary Proceeding that

he's got nothing to do with, and NEVER conferred about with his alleged client,

who knew NOTHING about said representation.

Of course,  only **NOW** years later has the cream risen to the top proving

that Kevin Ross as GOOMBAH of  Dello Russo intentionally, and secretly did

(MISINFORM ) Wilson Knott of the truth relating to any and all facets of the state

case, and did everything strictly IN FAVOR of his biggest client Dello Russo

AGAINST Knott, Koepke, and Hastings who are the three shareholders of E.C.I.

and the majority of this is directly related to the complicated, and underhanded

financial schemes perpetrated by Dello Russo using **E.C.I.** as his Alter Ego, and

having his tracks covered by his personal AND corporate attorney Kevin Ross.

20    Wilson Knott **did not attend** the court ordered 2nd mediation of April 10,

2006, and as Hastings & Koepke have learned through discovery in the Wilson

Knott chapter 7 Bankruptcy case of 2012 ( Case No BK- 6:12  -  00764 ABB ),

**WHY didn't Wilson Knott attend such an important event as he was ordered to**

**do by the court ?   BECAUSE KEVIN ROSS NEVER TOLD HIM ABOUT IT….   Neither**

**did H CLAY PARKER.    Neither did his alleged best buddy Dello Russo who claims**

**to be his long time 25 year best friend.**

As corporate counsel for ECI which Kevin Ross admits he has always been,

and still is today,  **he intentionally chose not to inform corporate shareholder**

**Wilson Knott that there even WAS a mediation, and also chose not to inform**

**Wilson Knott of the ramifications of signing the MSA after not having been**

**involved in the negotiations.  Further,  BECAUSE Wilson Knott didn't show**

**up at the mediation of April 10, 2006,  Kevin Ross stated with his co counsel**

Terry Young both of Lowndes Drosdick Doster Cantor & Reed at that time

That " THEY WERE THERE FOR KNOTT "   Dello Russo concurred, and stated

as did Kevin Ross that Wilson would sign what ever we all agreed to and that

Ross and Young would mediate on Knott's behalf. All the attorneys and even

Larry Watson the mediator heard them say it.      Only because of Mr. Ross's

proclamation that he was there for Knott did Hastings & Koepke come back to

the mediation table, as they had already been half way out the door by this

time because Knott wasn't there.   Dello Russo as Director, and President and

CEO of Debtor ECI also intentionally  kept Wilson Knott in the dark about any

and all matters regarding ECI and or Amazon Village.

21      Attorney Kevin Ross and his personal client Dello Russo have repeatedly

**LIED TO and DEFRAUDED** not just stockholders;  Hastings, Koepke,

and Knott, but also both the **lower court and the former bankruptcy court**

**under first Judge Briskman, and then later,  Judge Jennemann.**

Now in the instant case whereby ECI is the Debtor,  Ross has taken a slight

step to the background because he knows that the reopened Adversary matter

regarding his false and illegal representation to Judge Briskman , and then

Judge Jennemann who is also presiding over this instant case puts him under

the spotlight of fraud upon the court as well as the shareholders / plaintiffs.

As such,  Ross and Dello Russo have retained Ryan Davis of the firm

Winderweedle Haines Ward & Woodman to file the bankruptcy for Debtor ECI.

But Ross is still pulling the strings as is evident by Ross appearing at the recent

Trustee's 341 Creditors' meeting in which he attempted to interject his own

assertions without directing questions to the Debtor as was the strict, and narrow

format of the hearing.   This would make Ross CO COUNSEL with the debtor's

actual on record bankruptcy attorney Ryan Davis, and this again shows Ross's

continual M/O of not caring one bit about proper protocol and ethics.  This was

an opportunity for Creditors to ask questions of the Debtor / Director Dello Russo

and Ross really has no business blurting out anything when there is already an

attorney there relating to ECI in the bankruptcy.

22      As the Bankruptcy Court records show in Knott's own recent bankruptcy,

Mr. Ross took it upon himself to unlawfully intercede in Wilson Knott's

Chapter 7 Bankruptcy,  misrepresenting to the Bankruptcy Court that he and

his firm Foley Lardner LLP were Knott's Adversary Proceeding attorneys along

with his Foley Lardner co counsels Christina Kennedy, and Alan Poppe.

23      Mr Knott had no idea that Mr. Ross, nor the Foley Lardner firm was

allegedly representing him, and  there was never any consultation, nor attorney

client meetings or discussions between Mr. Knott and anyone from the Foley

Lardner firm regarding his Adversary Proceeding, nor his Chapter 7 Bankruptcy

Petition.  Mr. Knott never hired or retained any person from the Foley Lardner

firm regarding his Adversary Proceeding, nor his bankruptcy which was handled

by attorney Robert Pfleuger solely,  and Mr. Knott has submitted a notarized

affidavit verifying that fact.

24      Mr. Knott's bankruptcy attorney was Robert Pflueger,  and as instructed

by Judge Jennemann,  Mr. Pflueger assisted greatly in the amicable resolution

of the Adversary Proceeding, while Mr. Ross, his co counsels, and his firm did

everything they could in order to **derail** not just the efforts of Hastings and

Koepke to protect their Creditor / Adversary  interests, but also derail Debtor

Knott's own bankruptcy, whom they claimed was their client when he was not.

25      As such, due to Mr. Ross's unlawful, and misrepresentative efforts

with his co- counsels and firm,  the discharge for Debtor Knott's bankruptcy

took  **( 18 months )** instead of what could have easily been less than 120 days.

26      For the court's reference,  once dialogue was established between

Debtor Knott, his attorney Rob Pflueger, Koepke, and Hastings,  their

 adversarial differences were resolved within 30 days after which Hastings

and Koepke motioned the court for closure of the Adversary Proceeding,

granted by your Honor.

27      Although the foregoing may seem to digress from the instant case

regarding the Chapter 7 filing of E.C.I.,  such is not the case as Hastings,

and Koepke make note to your Honor that the goal of attorney Ross, and his

co-counsels, and law firm was, and still is today, to **delay the lower state cases**

**even further than the nearly ten years they've already been continually delaying**

**them for.  Then** they have the nerve to blame all the delays on the Plaintiffs.

28      The aforementioned Mediated Settlement Agreement ( MSA ) which was

void ab initio per it's fraudulent inducement,  numerous misrepresentations,

and physical impossibility to adhere to,  is part of the cause for the ongoing

state cases, and it's none other than Mr. Ross and Dello Russo themselves

that have intentionally created one delay after the other to prolong the

state case proceedings  being presided over by Honorable Alice Blackwell,

and the inevitable jury trial that has been fast approaching, but keeps

getting delayed.

29      Having run out of stall tactics, and options, Mr. Ross has now enlisted

the assistance of Winderweedle Haines Ward & Woodman P.A. which firm

has now filed a (bad faith) Chapter 7 Bankruptcy Petition for E.C.I.

30      E.C.I. has been administratively dissolved since 2008, and is an

Indispensable party to the lower ongoing state case No. 2010-CA-004751-O

known as the KOEPKE CASE. The only person who benefits from the bogus

E.C.I. bankruptcy filing is Dello Russo himself.  E.C.I.,  Hastings,

Koepke, and Knott,   the shareholders don't benefit.  So why do it ?  There is NO

financial gain or tax gain for any person here except for Dello Russo.  Not to

mention the reduction in Dello Russo's liability in the state case for his

intentional, illegal and downright VIAL decimation of The Amazon Village and

E.C.I.

31      With the assistance of attorney Kevin Ross, Dello Russo has not only abused

E.C.I. as it's Director, and Fiduciary, but abused Koepke and Hastings, costing

Hastings over ten years of lost salary totaling alone now over $1,100,000.00  as

well as Wilson Knott, and James Koepke being deprived of CLEAR PROFIT which

Kevin Ross repeatedly lies to the court about,   stating that Amazon Village was

a failed business venture, when it clearly **was not.**  Mr. Ross wasn't around

when Amazon Village was being constructed, nor when it opened, and Ross  was

not even involved until more than a year after the parties met.

So any information  Mr. Ross  spews out to the court has already been proven a

dozen times to be shameful lies, and misrepresentations to the court.

Plaintiffs point out that never does Mr. Ross address the FACTS of our

allegations.   He just keeps repeating himself about how the bogus MSA

absolved Dello Russo and ECI of all sin, and obligations. **But again, these are**

**absolute outright lies, and we're very happy to prove it before your Honor**


32      Dello Russo with the assistance of attorney Kevin Ross without notifying

any of the other shareholders,  and against the corporate bylaws, and the

Mediated Settlement Agreement did in secret and intentionally,  diminish the

value of E.C.I. stock through selling a portion of the ONLY asset ECI possessed;

that being the real property to Orange County Florida through an eminent

domain transaction.  Mr. Corporate Counsel Kevin Ross said NOTHING in the

mediation of April 10, 2006 during which time, he and Dello Russo were already

IN direct negotiations with Orange County on that eminent domain transaction.

Clearly,  **ETHICS, MORALITY & FAIR DEALING** have no place, and no importance

when it comes to Dello Russo and Attorney Kevin Ross involving the

( DEBTOR  E.C.I. ).    At the recent Creditors' meeting,  Dello Russo as sole

Director refused to answer any questions regarding ECI other than stating

that he either didn't remember,  or that the $1.6 million dollars he secretly

withdrew from our corporate E.C.I checking account, and then wired out of

state to New York into his wife's trust account was none of our

business, and besides " It was her money "  and that Hastings was just a

" DIP SHIT "  This is on record from the Trustee's meeting recording and only

goes to show the sheer arrogance, and narcissistic attitude, and mindset of

Dello Russo.    When asked about Dello Russo illegally transferring ECI stock

to an outsider of the company thus bypassing the bylaws which mandate that

HASTINGS, KOEPKE & KNOTT all have first right to purchase or refuse to purchase

ANY STOCK which Dello Russo OR any of each others' stock FIRST before any

outside non corporate member can be offered same. Dello Russo's response was

that IT'S HIS STOCK AND HIS BUSINESS, and that he could do what ever he

wanted.    He also stated in that same utterance that " He didn't remember "

These are just (2) of dozens of examples of how Dello Russo and  his, and  E.C.I.'s

attorney Kevin Ross not only lie to the court, and all parties in the cases, but also

refuse to cooperate in proper release of discovery on ALL CASES regardless

20

whether state case or Federal level case.   YET,  time and time again, Mr. Ross

has stated that ALL  DELAYS, and PROBLEMS pertaining in any way to E.C.I. and

or Dello Russo are all the cause, or fault of Hastings, Koepke, and now KNOTT

himself, AND OR any of our attorneys who in Ross's own scathing responses to

the state court and Bankruptcy Court are all incompetent, and don't do their due

diligence, and are always ill prepared, and have all collectively caused repeated

cancellations of the state case jury trial.  **Nothing could be further from the truth!**

Any reasonable person would understand that Hastings, Koepke, and now KNOTT

have all been trying desperately to bring the lower state case & companion cases

to Jury Trial, but it's always been DELLO RUSSO AND KEVIN ROSS that

intentionally cause delay after delay in order to avoid the inevitable Jury Trial

that will finally bring them to justice.  **BUT IN THEIR TYPICAL COLLECTIVE**

**THUG STYLE OF BEHAVIOR,**  they've taken the lowest of low roads, and filed for

Chapter 7 Bankruptcy of E.C.I. which was administratively dissolved in late

September of **2008.   NOW ?**  all of a sudden there's a big mad dash to put ECI

into Chapter 7 ?   A company that has NO ASSETS and has been dissolved

now for 6 years ?   With no assets,  WHY would Dello Russo and Kevin Ross

devise this plan ?   Simply to **DELAY AGAIN**  the lower state case proceedings.

that most definitely REEKS of fraud upon the Bankruptcy Court by way of a

SHAM PETITION.   As a side note, Hastings points out that Winderweedle

was brought in to do the dirty work of the ECI petition in order to keep Kevin Ross

out of the Bankruptcy Court's line of sight, as he and his co counsels, and former

firm Foley Lardner are being sought after for sanctions in this very court from

their incredible and wrongful actions against Hastings & Koepke during the recent

Chapter 7 bankruptcy filed by Wilson A Knott, and finally discharged in November

of 2013.  They never represented Knott in that Adversary Proceeding, and yet lied

to the court stating that they did, all in a big sham to SCREW Hastings & Koepke

out of their rightful discovery on issues that directly involved THE CURRENT

Debtor  E.C.I. and it's illegally in place Sole Director Robert G Dello Russo **who just**

**happens to be Kevin Ross's biggest personal client** at the expense of ECI and

it's shareholders  Hastings, Koepke, and Knott.

33      Dello Russo in a carefully conspired effort with his attorney ( WHO WE

REMIND THE COURT,  **IS E.C.I.'s CORPORATE COUNSEL** ) to plunder ECI of

all it's production capabilities, equity, and assets while doing so as a dual

benefit ALTER EGO scenario, and then in a final attempt to ( GET AWAY WITH IT )

Illegally force ECI into Chapter 7 Bankruptcy which after having no assets left to

dispose of, would thus leave Dello Russo in a **NON LIABLE** position from a

personal perspective for all his intentional illegal, unethical, and immoral acts

against his fellow shareholders.  All in an effort to take everything for himself at

the expense of the other partners, and the extremely profitable E.C.I. corporation.

34    It needs to be pointed out to the court that although Dello Russo and his

counsel Kevin Ross,  who again **( represents Dello Russo personally while**

**simultaneously representing E.C.I. against the other shareholders to the sole**

**benefit of his personal client Dello Russo )** have continually misrepresented to

the court that E.C.I. was losing money to the tune of $75,000.00 per month.

That is **NOT TRUE**, and misrepresentative of what really did take place with the

Amazon Village Mini Mall, which Dello Russo intentionally, maliciously, and

negligently pummeled into the ground rather than adhere to the contract

and bylaws which mandated that the profits be split amongst the shareholders

in pro rata distribution as per shares held by each.  It all stems from **GREED !**

and Dello Russo was taken completely by surprise to learn that ECI had reeled

in $130,000.00 in it's very first 30 days of operation showing an immediate

net profit of **( $75,000.00 ).**   How ironic that this is the amount Dello Russo

and his counsel have been continually claiming that Dello Russo has been

subsidizing E.C.I. for that exact amount.   And of course,  there was NO WAY

ECI needed to be subsidized unless of course,  it was intentionally being robbed,

and grossly, and intentionally mismanaged thus opening the door for a bogus

and unfounded capital call against the other shareholders.

35     It's a ( FACT )  that from **even before Amazon Village opened it's doors,**

**that it was already making WAY MORE MONEY than anyone expected.**

36     When Dello Russo saw the astonishing amount of tenant deposits being

collected by Hastings, Koepke, and Knott, that his true colors could no longer

be hidden, and he began conspiring with his Goombah Chad Barton to stop at

NOTHING to grab every single dime they could from the business and get rid

of Hastings first, Koepke, next, and then finally Dello Russo's own contact that

brought him into the deal, Wilson Knott who was ALSO defrauded and robbed

across the board.   *How do you think Knott was put into bankruptcy anyway...*

There was PLENTY of money to give Wilson Knott $1,000.00 a week, and James

Koepke too.   Hastings had his finger on the pulse of how much money it would

Take to run the operation.   Even Dello Russo admitted that he was surprised that

Hastings' figures were so accurate even 2 years before the business came

together.   Cutting Wilson Knott out of a few grand a month while this low life

Dello Russo skims $1.6 million dollars off the top for his wife, AND DOES IN

SECRET should be MORE THAN ENOUGH evidence to show his underhanded

and illegal modus operandi

37   **SO ALTHOUGH** ( so called ) corporate counsel Kevin Ross proclaims that

Hastings & Koepke do nothing more than waste the court's resources, and try

to make Kevin Ross and his client Dello Russo LOOK BAD,  nothing could be

further from the truth, and as usual Kevin Ross refuses to address THE ISSUES

AND FACTS in the case.   He continues to mumble about all issues being resolved

by an M.S.A. that he authored, and that HE and his CLIENT Dello Russo **HAD NO**

**INTENTION OF HONORING,**  and further,   **COULD NOT HONOR** because the most

important of the documents that they insisted they had in their possession, and

control and would deliver **NO LATER THAN ( 4 ) DAYS AFTER EXECUTING THE**

**MSA,   ( DID NOT EVEN EXIST ).  The certificate of occupancy, the C/O.**

38     The M.S.A. was void ab initio, and Ross, and Dello Russo **KNEW IT,**  yet they

continued the charade, and dabbled the proverbial carrot on the stick of not only

producing those badly needed documents within 96 hours, but also had an

executed contract of sale on the ECI property for **$10.5 million dollars** which was

a back up plan in case Hastings & Koepke didn't go through with their purchase

of Dello Russo's 51% ownership shares in ECI.

39      However, as ALL COURT RECORDS PROVE,  Dello Russo and his attorney

Kevin Ross ( CORPORATE COUNSEL ) refused to deliver those badly needed

documents, and also refused to follow through on the $10.5 million dollar ECI

sale contract with broker Sheri J Anderson.  INSTEAD,  they turned right around

and sold the property **FOR MUCH LESS.    $8.2 million dollars to be exact.**

**WHAT IDIOT !!!  would refuse $14.5 MILLION DOLLARS, then $12 million dollars,**

**and then  $10.5 MILLION DOLLARS**  for our property and then **DUMP IT** for only

$8.2 million.    **THESE WERE REAL, LEGITIMATE, AND SOLID CONTRACTS FOR**

**CASH with no contingencies FROM A FLORIDA LICENSED BROKER who also**

**tendered a $50,000.00 deposit check AND in one instance a mortgage**

**commitment for $12 million dollars.**    We did not know this broker,  she was

sent to Dello Russo by attorney Gary Siegel.  She met several times with both

Dello Russo and Kevin Ross, and she finally threw the towel in because it was

obvious that they did NOT want to sell the property.

40      **CORPORATE COUNSEL KEVIN ROSS'S WORDS ?**

" Tough luck for you and Koepke,  you're on your own, and you can't do anything

to us because of the ( Economic Loss Rule ) "    Kevin Ross and Terry Young had

already planned in their heads and with Dello Russo that it didn't matter if they

were going to screw Hastings & Koepke in the MSA because the Economic Loss

Rule would protect them from any retaliation by Hastings & Koepke. **However,**

**the 2013 Tiara ruling by the Florida Supreme Court** has clearly changed the stage

for Mr. Ross and Dello Russo, so NOW they want to blame Hastings and Koepke

for not honoring the MSA that Ross created, and that THEY violated on every

level. **AS A SIDE NOTE,** Even WITHOUT the Tiara ruling, the Economic Loss Rule

is clearly explained numerous times on all sorts of law sites **to not be in effect** if

there was any fraud, or misrepresentation by the failing party in the acquisition

of signatures from an unsuspecting opposing party in order to achieve a dismissal

through a mediated settlement agreement.

41     The preceding 40 paragraphs don't even begin to sum up what can be

considered only the TIP of the iceberg of what has taken place at the hands of

Dello Russo and  Kevin Ross.   It's deplorable that Kevin Ross after being granted

a license to practice law, would abuse it, and stoop to the lowest levels of under

handed chicanery Hastings, Koepke, and now Mr. Knott have ever witnessed.

# COUNT 1

## FRAUD PERPETRATED BY E.C.I.
## AND SOLE DIRECTOR ROBERT G DELLO RUSSO

C1-1   ECI and it's sole Director Dello Russo from ECI's day of inception

have maintained a continual, forceful, and malicious campaign of fraud,

theft, conspiracy, misrepresentation, and other related crimes, and acts of

bad faith, harmful intent and slanderous, and completely unfounded allegations

against Hastings, Koepke, and we only recently learned,  former Defendant, now

Cross Plaintiff Wilson A Knott.

C1-2   Through extensive discovery which of,  many facts and demanded

documents and facets of information have STILL  been repeatedly denied by

ECI, it's sole Director Dello Russo and ECI's corporate attorney Kevin Ross

who is supposed to , and is obligated to represent the interests of the

corporation **AND ALL** of it's shareholders equally, and in the event of a

litigation shall represent **ONLY ONE** client, not the corporation, and it's

biggest, and most wealthy shareholder **against all the other shareholders,**

which is without question an extreme conflict of interest.  Plaintiffs have learned

of illegal transactions, and numerous frauds perpetrated upon not only Hastings,

but Koepke, and Knott AS WELL AS  Orange County Building Department, the

Orange County Circuit Court, and TWICE, the U.S. Bankruptcy Court.

C1-3   One of the biggest obstacles along the way of what has now become

a ten year long journey of theft, lies, and unimaginable abuse of the judicial

system is the **OUTRIGHT REFUSAL** of opposing counsel to operate ethically

or tell the truth of ANYTHING to the court,  or acknowledge the **facts** in the

case or even their refusal to keep their hands off of tampering with the evidence,

and  **a HOST** of other offenses that surely substantiate why the public at large

across the country has the common opinion of lawyers that it does.

C1-4   How is it that ECI by it's own legal commitment, and  legal obligation along

with it's sole Director, and corporate counsel can induce opposing parties into an

agreement that ECI, it's Director, and it's corporate counsel are fully aware of,

that **ECI, it's Director and it's corporate counsel can in no way adhere to nor**

**perform,  BUT YET,  WITH the full knowledge of that fact,**  ECI, it's sole Director,

and corporate attorney Kevin Ross did intentionally, and clearly state that all the

documents specified in the MSA,  they had in their possession, and control, and

would deliver within 96 hours of the execution of the MSA.

C1-5   **THIS IS WORSE** than fraud.   This is vicious assault upon partners, and

Shareholders of a brand new highly profitable business enterprise that took several years, and countless man hours to develop and refine.

C1-6   All of our rights were taken away, and ECI literally **defrauded us, and violated a literal shopping list of state and federal statutes.**    Then after **screwing** the partners beyond comprehension,  ECI, it's sole Director, and It's corporate counsel drafted a settlement agreement that we found out afterwards **THEY COULD NOT POSSIBLY HAVE ADRERED TO EVEN IF THEY WANTED TO...**

C1-7   Corporate counsel Kevin Ross and sole Director Dello Russo drafted the settlement agreement and as such, it's clear and evident that ECI was aware and complicit of the content of that settlement agreement and ECI was well aware that it not only **COULDN'T** perform pursuant to the MSA but that it already had decided ahead of time in conspiracy with it's sole Director and it's corporate counsel that created the document in the first place that ECI  **WOULDN'T** perform pursuant to the terms of the MSA.

C1-8   Corporate counsel **was already prepared with their answer to what they knew would soon be coming,**  and that was the complaints by Hastings' &

Koepke's counsels for ECI's, Dello Russo's and Ross's failure to abide by it's own settlement agreement, and before the words could even be spoken in completion, Kevin Ross was already stating, **" There's nothing you guys can do now cause we're covered by the Economic Loss Rule, and so you don't have a prayer of getting even a NICKEL out of us."   " The case is finished, and you and Koepke are out of luck."**

C1-9   This is an attorney **who is BEGGING the court and the bar to revoke his license to practice law.  AND REMEMBER,   this is our CORPORATE COUNSEL telling James, Greg, and Wilson to go  X^_#  off.**

C1-10       Below is a bullet point list of JUST SOME of the wrong doings most of which are just plain outright fraud, OR the sister of fraud which is concealment, misrepresentation, or forgery.   The most egregious of these is the one that took the most amount of time, planning, and conspiracy which would be clearly **the fraudulent inducement** for Hastings, Koepke and Knott to sign the vicious, premeditated, and conspired worthless settlement agreement, and then fight tooth and nail to insist that the courts **HONOR AND ENFORCE** that **intentionally bogus document** stating that once it's signed it's written in stone.

C1-11        Although it's a generally accepted rule of most courts that indeed

when a settlement agreement is signed that there is no turning back, **THAT,**

**in of Itself is not written in stone, as the court,  if and when notified afterwards**

**becomes aware of BAD FAITH,  MISREPRESENTATION, FRAUD, FRAUD IN THE**

**INDUCEMENT, FORGERY, OR FORMER DESTRUCTION OF EVIDENCE ,  the Court**

**Is within it's jurisdiction to STRIKE said agreement and to order SANCTIONS,**

**and monetary damages against the failing party AND reinstatement of the**

**former case and any other penalties and remedies the court may deem**

**appropriate.**

C1-12        The Economic Loss Rule obviously no longer applies due to the

reasonably recent Tiara Ruling, however,   as a side note Hastings points out

that through dogged research it's come to his attention that the Economic

Loss Rule **DOES NOT  & NEVER DID** protect the failing party **even without the**

**Tiara Ruling** for intentional actions, or conspiracies resulting in actions of

misrepresentation, forgery, fraud, or fraud in the inducement regarding

a settlement agreement.  Redundant YES, but it bears repeating...

C1-13        The settlement agreement is **SUPPOSED** to be forthright, honest,

totally open, and performable, and signed with the **intention and ability**  to

perform those tasks within.   If any of the aforementioned acts are perpetrated

in an effort the **TRICK** the other party by the failing party or it's counsel, then the

MSA may be completely stricken at the failing party's peril.

## C1-BULLET POINTS

C1-A   Dello Russo, after the original Shareholders Agreement / Buy & Sell
Agreement was executed by all four of the original parties **did delete and
alter** specific verbiage completely changing the format of the initial creation
of the E.C.I. corporation.

C1-B   ECI and sole Director Dello Russo in conspiracy with Howard C Barton
did conspire, and finally execute a coup against original founder and conceptualist
Hastings by making false felonious allegations and reports to the Orange County
Sheriff's Department with full knowledge that they were not true causing Hastings
to be forcefully detained, and subsequently forced to leave the property, and the
business that ( he ) created.

C1-C   ECI and it's sole Director Dello Russo in conspiracy **did illegally create,
forge, and illegally backdate, and then illegally notarize a bogus mortgage
to a date when the notary seal used to notarize that mortgage did not exist
in the amount of $4,250,000.00 naming Dello Russo the Mortgagee.**  This done
without any knowledge of and in total secret from the other Shareholders.


C1-D   ECI in cooperation, and conspiracy with it's sole Director **did partake
In yet ANOTHER** secret mortgage which gave the initial bogus mortgage through
Dello Russo's friend, **VP Chuck Ousten** of Wachovia's Longwood Florida office,
and in exchange ECI received nothing except a multi million dollar debt placed
upon itself while Dello Russo removed all the money from that new mortgage
against ECI and put those millions of dollars into his own pocket.  **AGAIN in total
secrecy from the other Shareholders.**

C1-E  **Fraudulent Concealment of pertinent facts.**

ECI, it's sole Director, and our corporate counsel **did indeed conceal** the fact during our 2nd court ordered mediation of April 10, 2006 that the property Hastings and Koepke were getting through the supposed purchase of 51% of ECI stock which was allegedly being sold to them by it's alleged owner Dello Russo **WAS NOT THE SAME PROPERTY** as what Hastings & Koepke had originally entered into purchase contract in with the original seller Deutsche Bank and in fact was reduced considerably in size by way of a **secret eminent domain** transaction which was being worked on by Orange County and ECI for over a year, and subsequently closed upon within only 6 months from execution of the MSA.

C1-F   Neither ECI, nor it's sole Director Dello Russo, nor even our corporate Counsel Kevin Ross disclosed that they had taken approximately a quarter of a million dollars for their own pockets from that Eminent Domain transaction.

C1-G  ECI, It's sole Director Dello Russo, and our corporate counsel **knew, but Intentionally did not disclose** at that mediation that although they claimed that they were selling Dello Russ's 51% ownership of ECI stock, **that Dello Russo clearly DID NOT OWN THAT 51%** which they all represented to the mediator, our counsels, and us that he did.

C1-H  In fact, that 51% allegedly owned by Dello Russo had long since been secretly and illegally divested back on August 11, 2004.  **The very next day after they brought in the Police to falsely arrest and remove Hastings.**  Apparently, Dello Russo illegally transferred half of his stock away to his friend, and partner in other businesses Howard C Barton aka Chad Barton, who used his status as a Miami Dade Detective Investigator to garnish the **ILLEGALLY OFF THE RECORD** assistance of **FOUR** of his brethren of the Orange County Sheriffs Department against Hastings.

C1-i    ECI, it's sole Director, and our corporate counsel did secretly, and illegally **SELL** the real estate property and building of 11100 East Colonial drive in Orlando Florida 32817 valued at **$20,000,000.00** to a local firm named Great American Land Management for the intentionally low ball price of **8.2 million dollars. THIS** while having previously turned down **bona fide offers** from Florida state Licensed Mortgage Broker Sheri J Anderson for **$14,000,000.00** as her counter offer to **OUR ATTORNEY KEVIN ROSS who told her the ( REDUCED DISTRESS**

**SALE PRICE ) was $15,000,000.00** because in his own words, our corporate Attorney Kevin Ross stated that **" You're getting the deal of a lifetime cause this property's worth at least 20 million, but we'll give it to you for only 15 million."**

C1- J   ECI, it's sole Director Dello Russo further refused to accept the subsequent **bona fide** offer from Sheri Anderson for **$12 million dollars.**

C1-K   With the court ordered mediation just around the corner, and as a planned **enticement** to fraudulently secure the signatures from Hastings, Koepke, and Knott, ECI, it's sole Director, and our corporate attorney Kevin Ross **USED and DEFRAUDED** Sheri J Anderson by telling her that they would accept a final offer of **10.5 million dollars**.   ECI and it's sole Director executed that contract for $10,500,000.00 and **fraudulently used that executed contract TO TRICK** Hastings, Koepke, and Knott into signing the bogus and fraudulent MSA.

C1-L   In fact,  ECI, it's sole Director Dello Russo and our corporate counsel Kevin Ross **INTENTIONALLY REFUSED 14 million, 12 million, and then 10.5 million dollars for the Amazon Village property ONLY TO TURN RIGHT AROUND IN SECRET AND SELL IT FOR 8.2 million.**


C1-14        Although there are numerous other frauds, and forgeries

perpetrated by Debtor ECI, it's sole Director, and our corporate counsel, the

foregoing certainly makes the point.


**WHEREAS:**

   Plaintiff  pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7

petition **6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.

That it's fraudulent, and filed in bad faith.  Further that the court find that the

allegations made by Plaintiffs do indeed have merit, and those actions alleged by Plaintiffs are **NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent, misrepresentative, conspired, malicious and callus nature.  That the court strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute sanctions against ECI, it's sole Director, and it's corporate counsel for their combined conspired orchestration of this sham Chapter 7 Petition, and their abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike** from the Federal level,  the **MSA** as a **sham and mandate said decision upon the lower state court** for conspired actions and shams between ECI, it's sole Director Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those parties be sanctioned not only judicially, but monetarily by the court and that the court impose what other just relief it deems appropriate.

## COUNT 2

## THEFT BY DECEPTION
## PERPETRATED BY E.C.I.
## AND SOLE DIRECTOR ROBERT G DELLO RUSSO

C2-1   Although ECI is the Debtor,  ECI is an entity which is under the complete

control of it's Sole Director Robert G Dello Russo who refused to step down after

his agreed ( 12 month term ) expired.  As such, there can be no alternate

culprit of the crimes and deceit that were enacted by Debtor ECI, because ECI

was at all times the Alter Ego and under full control of Dello Russo.


C2-2   Accompanying documentation herein proves that going all the way back

to the very day of it's inception of May 07, 2004,  that ECI was preplanned by

Dello Russo to be used for his own benefit, and the benefit of his crony Howard

C Barton aka Chad Barton against, and at the expense of his new found

partners in business, the Adversary Plaintiffs Hastings, Koepke and Knott.


C2-3    Almost immediately after parties (Dello Russo, Knott, Hastings Koepke)

formed  E.C.I.,  Dello Russo and his then attorney (also new corporate counsel)

Philip F Keidaish erased, and deleted an all important line in the original and

freshly executed Shareholders' Agreement aka the Buy & Sell Agreement that

clearly stated Dello Russo's input of $6.5 + million dollars into the newly formed

ECI was his **capital contribution** in exchange for 51% ownership of the company

( **only in regard** ) to the disbursement of monies derived from the operation of

the Amazon Village Mini Mall located at 11100 East Colonial Drive Orlando,

Florida 32817, **AND THAT'S THE DOCUMENT** that Plaintiffs left the corporate set

up meeting with in their hands.   Plaintiffs **did not know** that Dello Russo and

Keidaish had altered their already signed / executed agreement after Plaintiffs

had walked out of the office of Keidaish.

C2-4   Debtor ECI was funded by Dello Russo through his capital contribution

which  not only entitled him to 51% of the net profit, but additionally his shares

also applied as did the other shareholders, to his 51% ownership of the real estate

which all the partners agreed was a property worth $20,000,000.00 upon

It's completion of renovations.  This value although opposing counsel squirms

over it in each of it's pleadings, has been substantiated by numerous other parties

who are witnesses in the state case at least two of which had committed to

loaning 50 %  LTV money to Hastings and Koepke in order to buy out Dello Russo's

shares pursuant the MSA which figure in both cases amounted to a loan amount

of $10,000,000.00.   So it's absurd for opposing counsel to claim that ECI, and the

ECI property were worth very little or nothing, as they have continually done for

what is now over TEN YEARS.   Let's take a close look at what Dello Russo claimed

the value of E.C.I.'s property was worth on his nearly **$50,000,000.00 ESOP LOAN.**

C2-5   What Dello Russo did was on the 2nd page of the Agreement,  remove

the line declaring the capital contribution, and after the document had

everyone's signatures on it,  secretly change that line to read  "***It is anticipated***

***that Robert G Dello Russo will make a loan to the newly formed ECI corporation"***

Of course,  none of the other partners knew about this, and most certainly would

not have signed a document stating that.   Further, this extremely critical and

detrimental fact was only brought to the surface through dogged discovery  by

Plaintiff Hastings' then counsel Al Frith, when the altered Shareholders'

Agreement appeared in a package obviously mistakenly provided by opposing

counsels' assistant.   What this did was immediately place the brand new

( now Debtor ) ECI into debt the very first day it was formed, which was

completely against the basis that Hastings, Koepke and Knott went into

partnership for.   If that was the case, then Hastings and Koepke would never

have bothered with Knott or Dello Russo by just getting a straight out loan which

was previously offered to them by Shearson Lehman Brothers Investment Division

in New York City which was a $10 million dollar loan at 15% interest.   So Hastings

& Koepke put that offer on the back burner while they shopped other offers, and

THAT'S when Knott came into the picture as a broker who had a wealthy investor

associate named Dello Russo.   Opposing counsel's continued proclamations that

Plaintiffs had no other alternative and were about to lose their purchase option

on the former Builder's Square property is ( ludicrous ) at best, because there

were indeed other options.  Dello Russo is not the only well to do business person

out there by any means, and Plaintiffs' purchase option was renewable with an

additional  $25,000.00 which the plaintiffs did have at their disposal.

Where the THEFT BY DECEPTION  comes into play is as follows.

A. ECI under the control of Dello Russo changed the capital contribution
   Illegally, fraudulently, and secretly Into a loan which thus diminished
   the value of ECI stock drastically by way of roughly $7 million dollars
   worth of secret and bogus debt.   Then Dello Russo created a bogus
   mortgage against the newly acquired ECI property in the amount of
   $4,250,000.00 **payable to himself.**  He then **backdated that bogus
   mortgage to May of 2003.  NONE OF THE PARTNERS / PLAINTIFFS**
   had any knowledge of these actions.  All done in secret.  By the way
   Hastings & Koepke  NEVER KNEW who Dello Russo, nor Knott were
   back in 2003.  How could Dello Russo have had a mortgage on a
   property under contract by Hastings when they never met ????

B. Dello Russo then took that bogus loan to Wachovia Bank where he
   WASHED that dirty mortgage with the help of his friend at
   Wachovia Bank in Longwood Florida Vice President Chuck Ousten
   who already knew that Dello Russo **had just** recently acquired
   the Debtor ECI property in the spring of 2004, and yet Ousten and
   his crew at Wachovia overlooked the intentional backdating of the
   bogus mortgage, and gave Dello Russo a NEW mortgage in exchange

for the bogus mortgage which cash, he then put in his pocket, and thus he then owned 51% of the corporation, the profits, and the real estate, and never paid a dime for any of it.    He stole our millions of dollars in equity, and indebted all of us without our knowledge  for what amounted to roughly  $7,000,000.00 while he held complete control of Debtor ECI, and accounted to nobody while he continued to plunder it.

C. Further,  at the mediation as supported by the MSA, it was part of the settlement agreement that Dello Russo agreed sell all of his 510 shares of ECI stock to Hastings and Koepke.   Hastings, who had also sued Dello Russo's personal attorney who was also corporate counsel for ECI, Philip F Keidaish jr. P.A. and personally for his wrong doings, and then at the mediation of April 10, 2006,  attorneys for Keidaish's insurance carrier, who were at the mediation on behalf of Keidaish agreed to pay Hastings $75,000.00 to release their client Keidaish from the case. Hastings agreed at the mediation in order to show good faith, to give that check to Dello Russo as a deposit on the buyout of Dello Russo's shares after they turned over the badly needed documents to Hastings and Koepke,  that they agreed to do pursuant to the MSA.

D.  **SOMEHOW** Hastings never received that check from the insurance carrier, and was never given a proof of loss to sign as a release to the insurance carrier.   What happened was that Mr. Corporate Counsel Kevin Ross contacted the insurance company telling them that he was representing Hastings as a shareholder of ECI, and that the check and the proof of loss were to be sent to Kevin Ross, and he would sign them on behalf of Hastings **( which really should cost him his law license )** No matter how many times Hastings has requested and demanded those specific documents, that being the proof of loss, and the check for $75,000.00,  Kevin Ross and Dello Russo / ECI have refused to provide a copy of those documents nor any of the communications between the insurance carrier and themselves of course on behalf of Dello Russo.  So Dello Russo, ECI, and attorney Kevin Ross **STOLE** Hastings and in reality partially Koepke's $75,000.00 deposit, and **STILL REFUSED** to  sell the stock back to Hastings & Koepke that the $75,000.00 was a deposit for.    Plain outright theft by deception.

E. Further, ECI / Dello Russo stole by deception, a quarter of a
   million dollars through a secretly negotiated, and executed sale of
   E.C.I. real estate property thereby reducing the size, and value of the
   real estate unbeknownst to Hastings, Koepke, and Knott  while E.C.I.
   Dello Russo and corporate counsel Kevin Ross secretly divided that
   money up, and pocketed it.

F. Further ECI / Dello Russo stole by deception,  the shares of stock
   owned by Hastings, Koepke, and Knott by way of a fraudulent
   settlement agreement created by ECI's corporate counsel and
   Dello Russo's personal counsel Kevin Ross by which with the
   assistance of Kevin Ross,  ECI, and Dello Russo commandeered
   said stock for Dello Russo / ECI to use for their own benefit at the
   expense of,  and totally unbeknownst to Hastings, Koepke and Knott.

G. Further ECI / Dello Russo stole by deception **$1,585,000.00** of money
   that belonged to Hastings, Koepke, and Knott through ECI's and
   Dello Russo's private execution and closing of an illegal real estate
   sale of the ECI property.  No matter what opposing counsel may refer
   to in the bogus MSA which is currently in the state court case, motioned
   upon to be stricken by the court per it's status of being *void ab initio*
   Creditors / Plaintiffs note to the court that since Dello Russo & ECI
   refused and failed to deliver the all important and mandatory
   documents that the MSA was predicated upon,  that precluded them
   from having legal right to sell the property which according to the MSA
   that they themselves insist WE abide by, they were OBLIGATED to
   sell the 51% ownership shares in ECI to Koepke and Hastings
   who would then own the Amazon Village property business,
   ECI, and thus the real estate along with Knott being a 9%
   shareholder.   Instead,  they took Hastings & Koepke's $75,000.00
   Illegally from the insurance company, and then **kept it** and told
   Hastings and Koepke to go fly a kite with their option to buy out
   Dello Russo's shares, and then Dello Russo and ECI sold the only
   asset of ECI, that being the property to Great American Land
   Management at an insanely distressed price of $8.2 million dollars.

H. Further,  ECI / Dello Russo not only stole the $1,585,000.00 from the Creditors / Plaintiffs, but then they secretly wired that money to Dello Russo's wife Diane Dello Russo into her private trust account out of state, and in New York City.  Again, totally unbeknownst to Hastings, Koepke and Knott.  When questioned about this in the recent ECI bankruptcy Trustee's 341 Creditors' meeting, Dello Russo's response to Hastings is that "**Hastings is a DIP SHIT** "  and that almost $1.6 million dollars was Diane Dello Russo's money, and it was none of Hastings' or Koepke's or Knott's business.   Theft by Deception of $1.6 million dollars by Debtor ECI / Dello Russo in conspiracy with Diane Dello Russo who's money it was not, and who had no claim, nor right to that money.

I. Further, ECI / Dello Russo stole the ability of Hastings & Koepke to purchase his 51% ownership shares of stock in ECI **because Hastings and Koepke have learned that Dello Russo DID NOT OWN the 51% shares that he, and Kevin Ross claimed he did during the mediation.** What Plaintiffs have learned is that Dello Russo secretly and illegally divested himself of half of his ownership interest to his crony, Chad Barton who was not affiliated with ECI and strictly an outsider who made continual efforts to undermine the operation of Amazon Village. Corporate counsel Kevin Ross and Dello Russo **both knew this, and participated in the sham keeping it secret while fraudulently Inducing Hastings, Koepke, and Knott into signing the completely worthless MSA.    Worthless because of the specific notes below.**

#1    The most important document out of 4 that were very Important and integral components of the MSA was the Certificate of Occupancy which both Dello Russo and his counsel / and ECI counsel Kevin Ross and his co counsel Terry Young both of Lowndes Drosdick at that time claimed at the mediation, they had the C/O and other related documents mandated by the MSA **in their possession and control and they would deliver same within 96 hours of execution of the MSA pursuant the MSA specifications.**

#2    Dello Russo did not own the 51% shares of stock that

he and his attorneys stated he did, and as such, there was
no possible way Hastings and Koepke could have performed
their buyout of Dello Russo's **alleged** 51% ownership because it
didn't exist.

#3      ECI / Dello Russo defrauded Hastings, Koepke & Knott
with a worthless MSA by misrepresenting the true and correct
size, and value of the ECI / Amazon Village property because
they refused and failed as did Corporate Counsel Kevin Ross
to disclose that the 11.6 acres of land was not that at all, but
instead reduced by way of the secret eminent domain transaction
which means that the intended purchase by Hastings, Koepke,
and Knott would have been a fraud, and sham because the
legal description of the purchase did not match nor equate to
the acreage, nor legal description of the **original purchased site
contracted by Koepke, and Hastings with the original seller.**

#4      It's important to understand that the C/O was positively
of **monumental importance** during and after the mediation
because Plaintiffs' attorneys explained to the mediator and
to opposing counsel that in order for Plaintiffs to be able to
perform the buyout of Dello Russo's **alleged** 51% shares in ECI
that ALL LENDERS would require **the C/O,  certified site plan,
copies of the rent rolls and disclosure of the escrow.**  Both
ECI / Dello Russo and ( corporate counsel ) Kevin Ross and his
co counsel Terry Young stated numerous times that they did
in fact have **all of these stated documents in their possession
and control,**  and just needed a couple of days to make all the
copies, and prepare the package which they would deliver to
our attorneys forthwith  **( within 96 hours )   NOT 3 MONTHS
ECI / DELLO RUSSO / AND COUNSELS KNEW** they did not have
the C/O and that it was impossible for them to acquire it within
the next 96 hours,  **AND YET,**  they lied to the other attorneys
at the mediation, the mediator and the plaintiffs and scammed
their way into our signatures knowing full well that they had
**ABSOLUTELY NO INTENTION** of ever delivering those documents.
**With such gross misconduct, fraud, conspiracy & misrepresentation**

**and the fact that now ECI is before the bankruptcy court, it would seem fit and appropriate for the Federal Level Court to intercede and strike the worthless sham of an MSA, and sanction all parties in the ECI / Dello Russo camp including the attorneys, imposing punitive, treble and compensatory damages of the highest level possible based on all the facts and the sham now set before the Bankruptcy Court.**

**WHEREAS:**

Plaintiff reavers and realleges each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiff do indeed have merit, and those actions alleged by Plaintiff are

**NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent,

misrepresentative, conspired, malicious and callus nature.  That the Court

strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute

sanctions against ECI, it's sole Director, and it's corporate counsel for their

combined conspired orchestration of this sham Chapter 7 Petition, and their

abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike**

from the Federal level,  the **MSA** as a **sham and mandate said decision upon the**

**lower state court** for conspired actions and shams between ECI, it's sole Director

Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and

Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those

parties be sanctioned not only judicially, but monetarily by the court and that the

court impose what other just relief it deems appropriate.

**COUNT 3**

**FRAUD UPON THE UNITED STATES GOVERNMENT
PERPETRATED BY ECI AND SOLE DIRECTOR ROBERT G DELLO RUSSO**

C3-1   Plaintiffs allege that ECI portrayed as an asset, the

misrepresentation to the United States Government Department of Labor

ESOP division that it's sole Director either individually or in conjunction with

Howard C Barton owned 100% of all ECI stock.   This in order to aid in his or their

efforts to secure tens of millions of dollars in ESOP loans from the Federal

Government which would be an outright fraud, and sham because Hastings,

Koepke and Knott were and still are Shareholders in ECI holding collectively

49% of all company stock in ECI.

C3-2   It's come to Plaintiff's attention that Dello Russo took out an ESOP loan for

his company Del Air Heating, Air Conditioning and Refrigeration inc for between

$45,000,000.00 and $50,000,000.00, and that his friend and partner

Howard C Barton aka Chad Barton took out an additional ESOP loan for his

company namely American Door & Millwork Company for what Plaintiff believes

is over $20,000,000.00, and that on each of these related ESOP applications,

Dello Russo and Barton both claimed that they owned 100% of ECI which would

be impossible since you can't own 200% of something, and further that Hastings,

Koepke, and Knott collectively hold 49% of the ECI corporation on their end.

C3-3   Further, Plaintiffs allege that ECI and it's sole Director Dello Russo have

represented to the Federal Government on their ESOP applications of both of

the aforementioned companies that the ECI / Amazon Village property was worth

approximately $20,000,000.00 in order to bolster their financial asset sheets.

C3-4   Further, Plaintiffs allege that ECI and it's sole Director Dello Russo **did not**

**disclose** on the ESOP related applications that ECI, and Dello Russo were both

Defendants in an ongoing litigation with pending allegations of fraud, forgery,

misrepresentation, and fraud in the inducement which would have more than

likely cost them a denial on at least ONE of those multi million dollar

ESOP loans.      Lie by omission on a Federal Document is a felony.


C3-5   Further, Plaintiffs allege that ECI's sole Director Dello Russo did not disclose

to the Federal Government during his ESOP loan process that he was an owner,

nor that Barton was an owner **OF EACH of the companies seeking the loans.**

**Dual ownership and co mingling of funds, and SINCE,   American Door has closed**

**up shop, and for the most part re opened under the name of American Builders**

**Supply.  ECI has participated or at least been complicit in  this multi million**

**dollar sham and rip off of the U.S. Government.**

C3-6   ECI allowed itself and was complicit in the cross borrowing of U.S. govt.

funds by Dello Russo and Barton which was accomplished at least in part due to

the assets, and alleged, but bogus stock valuation and ownership of E.C.I.

**WHEREFORE:**

   Plaintiffs reaver and reallege each allegation in the preceding counts, and

plead with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiff do indeed have merit, and those actions alleged by Plaintiff are

**NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent,

misrepresentative, conspired, malicious and callus nature.  That the Court

strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute

sanctions against ECI, it's sole Director, and it's corporate counsel for their

combined conspired orchestration of this sham Chapter 7 Petition, and their

abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,** that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike**

from the Federal level,  the **MSA** as a **sham and mandate said decision upon the**

**lower state court** for conspired actions and shams between ECI, it's sole Director

Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and

Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those

parties be sanctioned not only judicially, but monetarily by the court and that the

court impose what other just relief it deems appropriate.


## COUNT 4

## MISREPRESENTATION

C4-1        There is no question that ECI became the alter ego of it's

sole Director Dello Russo.   The sheer arrogance, and outright shouting

abuse, and refusal to abide by the very rules, regulations, and standard

corporate protocol by Dello Russo **that he himself drafted** with his friend

and personal / **first** corporate attorney Keidaish on the corporate bylaws and

the Shareholders' Agreement / Buy & Sell Agreement only further prove that his

motives were  sinister from even before the Amazon Village opened it's doors

in 2004.

C4-2        Realizing that the debtor in this case is ECI, and not specifically

Dello Russo himself, the line **is fuzzy and distorted** for the reason that Dello Russo

**forced it to be that way by his misrepresentations and frauds** committed from

the very day of ECI's inception on May 07, 2004.

C4-3        ECI is an entity.  And even according to the U.S. SUPREME COURT,

an entity has certain conditions, and similarities that it shares with an individual,

or a group of people depending on how the entity is used.  **A perfect example is**

**The U.S. Supreme Court's ruling on SUPER PACS** who according to the court

**HAVE RIGHTS.**    At first, one thinks that because a Super Pac is an inanimate

object created by man, and not of physical touch & feel existence, that it can't

then have any personality, feelings, rights, or responsibilities **however,**  after

pausing to examine the ( entity's mere existence ) forms a concrete

acknowledgement  that the entity DOES exist, and therefore, just because

one cannot touch it, nor talk to it,  nor communicate feelings one direction,

nor the other, the entity DOES INDEED EXIST AS AN INTANGEABLE OBJECT

created by an individual or a group for the purpose of serving as a vessel

with which those individuals can create through the use of that vessel a desired

end result.  Therefore,  the entity / vessel has the ability to reap rewards,

be protected,  operate as a machine / vessel to express, create, and or continue

those efforts of the individuals who created it, and operate it.  As such, that

entity / vessel then **also holds responsibility** for the representations, and actions

it participates in or undertakes.

C4-4        The entity in this case is ECI, and ECI in conspiracy, and cooperation

with it's largest shareholder and sole Director did misrepresent to Hastings,

Koepke, and Knott that it would perform the following:

    A.      From day of inception of May 07, 2004 initialize it's existence,

and operational format under the creative license, and managerial control

of only Hastings & Koepke.  **Not Dello Russo** who repeatedly proclaimed that

he wanted nothing to do with the running of the operation, nor it's design.

**ECI FAILED TO DO THIS.**

    B.      ECI would only have 2 signers on the checking accounts namely

Dello Russo and Hastings and no other person was to be added on.

**ECI FAILED TO DO THIS.**

     C.     ECI would provide Hastings with a weekly paycheck of $2,000.00

per week beginning immediately for his concept, development, supervision,

and managerial expertise of the operation permanently.

**ECI FAILED TO DO THIS**

     D.     ECI would **under no circumstance** take on any debt, nor encumber

Itself through pledges, wrap around mortgages, liens or loans, or stock splits, or

trades of any kind **without the express written agreement of ALL shareholders**

**regardless of which shareholder held the most amount of stock.**

**ECI FAILED TO DO THIS**

     E.     ECI would **under no circumstance** move, alter, or divest, nor allow

any of the original four shareholders to move, sell, alter, loan or divest **any** of

their shares in the ECI corporation without first offering those shares to one or

all of the original shareholders.

**ECI FAILED TO DO THIS**

     F.     ECI would operate under the standard of professional ethics and

state mandated legal protocol  i.e.  not participate in any type of conspiracy,

nor inappropriate activities such as forgery, fraud, backdating legal documents

etc.

**ECI FAILED TO DO THIS**

G.    Even though ECI agreed to operate under the bylaws it was created

under, and abide by the Shareholders' Agreement that set the rules of it's

operational format,  ECI violated every single one of the mandates specified in

the above noted documents, and the most important of those mandates was that

the Director of the corporation would only hold that position for the term of one

year, and then there would be a vote of all four shareholders ( regardless ) of how

much stock each of them held, and the outcome of that vote would determine

who the new Director, President, Vice President, Secretary and Treasurer would

be.

**ECI FAILED TO DO THIS**

H.    ECI agreed that there would be pro rata distribution of profits after

the monthly overhead was paid ( which was agreed to be approximately

$50,000.00 per month )   That included salaries, utilities, advertising, taxes,

insurance, maintenance, and a small monthly reserve. **There WAS NO loan,**

**no mortgage and no debt.**

**ECI FAILED TO DO THIS**

I.    ECI entered into a Mediated Settlement Agreement with Hastings,

Koepke, and Knott in order to dismiss the lawsuit filed against it, and it's sole

Director whereby ECI agreed pursuant to the terms of that agreement to accept a $75,000.00 check on behalf of Hastings & Koepke as a deposit towards the sale of 51% of ECI's corporate stock and real estate allegedly held by it's sole Director Dello Russo.   ECI did indeed receive that check, and kept it, and then refused to follow through with the sale of it's stock, and did cash that check through It's own ECI bank account.  ECI was obligated to relinquish those 51% shares to Hastings & Koepke.

**ECI FAILED TO DO THIS,**        yet ECI, and it's sole director both reaped the benefit of dismissal of the litigation while misrepresenting itself to the shareholders **after taking their $75,000.00 under false pretenses.**

J.      ECI was obligated pursuant to the terms of that MSA to provide very specific documentation within ( 96 ) hours of execution of the MSA with which Hastings & Koepke would then secure the funding to purchase the alleged 51% of ECI stock.

**ECI FAILED TO DO THIS**

K.      ECI **did not** have possession and control of all of the specific documents that it, it's sole Director, and it's corporate attorneys misrepresented that it did have, and would produce within 96 hours.   Because the C/O ECI and the others claimed they had **DID NOT EXIST,**  then ECI was obligated to secure

that C/O and produce it within that 96 hour time frame.  ECI and it's sole Director,

and it's corporate counsel all knew this, but intentionally kept quiet, and withheld

that information from Hastings, Koepke, and Knott in a conspired effort to gain

the signatures from Hastings, Koepke, and Knott on the MSA.  ECI was obligated

to NOT MISREPRESENT to Hastings, Koepke, and Knott.

**ECI FAILED TO DO THIS**

L.      ECI additionally represented that in the event that Hastings and

Koepke could not, or would not follow through with their purchase of the 51%

shares in ECI allegedly held by Dello Russo,  that ECI would complete the sale of

a pending contract which it held, and had executed with Broker Sheri J Anderson

for the amount of **$10,500,000.00.**   This was a further enticement by ECI, it's

corporate Counsel, and Dello Russo to **misrepresent and TRICK** Hastings, and

Koepke and Knott into signing the pre conceived bogus MSA.  ECI was

obligated to accept only the highest price it could secure for the sale of

it's only asset, and not sell it to some local cronies who worked quietly

behind the scenes with ECI's sole Director and corporate counsel.

**ECI FAILED TO DO THIS**

C4-5   ECI has misrepresented itself, it's intentions, and it's actions since it's

Inception on May 07, 2004 in a continual pattern of malicious, and harmful

actions against it's own founding shareholders, and has perpetrated these

callus crimes and misdeeds in conspiracy and cooperation with it's largest

shareholder, and sole Director Dello Russo and it's corporate counsel Ross.

**WHEREAS:**

   Plaintiff reaver and reallege each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiffs do indeed have merit, and those actions alleged by Plaintiff are

**NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent,

misrepresentative, conspired, malicious and callus nature.  That the Court

strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute

sanctions against ECI, it's sole Director, and it's corporate counsel for their

combined conspired orchestration of this sham Chapter 7 Petition, and their

abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike**

from the Federal level,  the **MSA** as a **sham and mandate said decision upon the**

**lower state court** for conspired actions and shams between ECI, it's sole Director

Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and

Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those

parties be sanctioned not only judicially, but monetarily by the court and that the

court impose what other just relief it deems appropriate.

## COUNT 5

### ABUSE OF THE BANKRUPTCY COURT
### AND IT'S PROTECTION

C5-1   As stated numerous times already,  ECI was administratively dissolved

in late September of 2008 without any notification to the shareholders

Hastings, Koepke, or Knott.

C5-2   ECI had already illegally disposed of it's biggest of two assets, namely

the real property of 11100 East Colonial Drive Orlando, Florida 32817 for

an intentionally distressed price **even though** it was in possession of an executed

bona fide contract of sale for $10,500,000.00 ECI refused to take the larger

amount of money and then closed the real estate deal for only $8.2 million.

C5-3   At that point, the only asset left belonging to ECI was the left over kitchen equipment installed by a former tenant who put their life savings into the Amazon Village kitchen / restaurant enterprise which was distorted, and deprived of it's rightful profit through intentional managerial squeezing perpetrated by ECI, and it's sole Director.

C5-4   The couple was forced to close their operation, and move from the premises and prohibited from taking their equipment with them under the command of ECI and it's sole Director that the equipment was now a permanent fixture to the Amazon Village and thus could not be removed. Some arrangement for less than the minimum fair market value was derived which ECI / Dello Russo allegedly paid them for on equipment that was clearly portable. The ravaging of this couple's life savings, and investment through carefully plotted and planned unfair confiscation, and unethical business practice yielded ECI an additional asset that was originally worth over $125,000.00. This was never disclosed to Hastings, Koepke, and Knott and in fact ECI / Dello Russo are the only ones who knew about it, and benefitted from it.

C5-5   These and the examples in the preceding counts prove beyond doubt that Debtor ECI has operated illegally, fraudulently, and against the interest,

and security of it's shareholders Hastings, Koepke, and Knott.

C5-6   In short,   **ECI is not DESERVING** of protection through the Bankruptcy Court

as it's done everything possible to act in bad faith, and the massive amount of

frauds, forgeries, and misrepresentations by Debtor ECI and it's sole Director are

not dischargeable in bankruptcy.

C5-7   Further,  since ECI has been administratively dissolved by it's sole Director

Dello Russo since late September of 2008, and there are no assets, then there is

**no other possible reason to enter into bankruptcy** other than the desire to

once again further stall the inevitable in the lower state case in which Debtor

ECI and it's Alter Ego and sole Director Dello Russo are Defendants.

C5-8   The mere fact that ECI **HAS NEVER ONCE**  informed it's shareholders

Hastings, Koepke, and Knott of **ANY** of it's barrage of wrongful, costly, and

illegal actions since it's inception is further compounding proof that ECI, has

always been, and still is today the ***alter ego & co conspirator of it's sole***

***Director Dello Russo*** who while using Debtor ECI for it's own, and his own

personal advantage, simultaneously **plundered and betrayed** the corporation.

C5-7  Even now,  ECI is only being used as a stooge obviously as a stall tactic

In the lower case by way of the Automatic Stay imposed by the Bankruptcy

court rules,  which in no way benefits ECI because ECI has no assets, and has been

declared dead since 2008.  Even a lay person with limited knowledge would

realize, and understand that this bankruptcy was **absolutely filed in bad faith.**

C5-8  Instead of being allowed to proceed, ECI should be locked into place where

it CANNOT be released from any liability **BECAUSE** of it's frauds, forgeries, and

conspiracy in cahoots with it's sole Director Dello Russo, and as such both ECI

and Dello Russo and ECI's corporate counsel Kevin Ross should be held in Federal

Contempt, and sanctioned both judicially, and monetarily to the fullest extent

allowed by law as well as possible incarceration for their pre conspired sham upon

the bankruptcy court as well as the innocent victims and shareholders.

C5-9  These atrocious assaults on the victim shareholders and the once

flourishing Amazon Village Mini Mall enterprise have been going on since

May of 2004, and all throughout these ten years of litigation, ECI, it's sole

Director, and it's corporate counsel Kevin Ross have laughed in the face of

Justice, the courts, both state level, and federal level, and scoffed repeatedly

at the victim shareholders that they never had any rights, and were never going

to get an F-ING dime from ECI nor the real estate and millions of dollars in income

and profits that Debtor ECI, and it's alter ego sole Director and corporate counsel

stole from them.

C5-10        The ECI bankruptcy filing is a complete sham upon the court, and as

such should cost ECI and it's cohorts Dello Russo / Chad Barton and corporate

counsel Kevin Ross the maximum penalties that the U.S. Federal Bankruptcy

court can issue against them.   **IF EVER** there was a necessity for maximum

penalties to be issued by the court upon the perpetrators  of such underhanded,

fraudulent, forged, and misrepresentative statements, pleadings, and actions, as

well as gross abuse of the court, and theft by deception as well as fraud upon the

elderly, thus forcing that elderly person into Chapter 7 Bankruptcy,

**THIS,   is the landmark case.**

**WHEREFORE:**

  Plaintiffs reaver and reallege each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiff do indeed have merit, and those actions alleged by Plaintiff are **NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent, misrepresentative, conspired, malicious and callus nature.  That the Court strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute sanctions against ECI, it's sole Director, and it's corporate counsel for their combined conspired orchestration of this sham Chapter 7 Petition, and their abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court. **Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike** from the Federal level,  the **MSA** as a **sham and mandate said decision upon the lower state court** for conspired actions and shams between ECI, it's sole Director Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those parties be sanctioned not only judicially, but monetarily by the court and that the court impose what other just relief it deems appropriate.

## COUNT 6

### MISAPPROPRIATION OF ASSETS

C6-1   Corporate stock is an asset.   In many corporations, stock is borrowed against, and used as not just collateral, but as a tool to **bolster** the financial

image of either an entity, an individual or group of individuals.

C6-2   Debtor ECI violated it's own bylaws, and common laws of ethics by participating in the divestiture of one of it's shareholder's corporate stock. This was done in secret and conspiracy between Debtor ECI, and it's sole Director Dello Russo, who illegally transferred 25.5% of gross company stock to his friend, and partner in other ventures, Howard C Barton.

C6-3   This was misappropriation of a corporate asset, as the corporate Shareholders' agreement AND the corporate bylaws **that Dello Russo and his then counsel Keidaish drafted,** clearly state that *no shareholder may transfer, lien, sell, or encumber in any way* without first having express written authorization of **all other shareholders regardless of their amount of stock held by each. And no transfer or sale of said stock can take place with an outside party without first offering those same shares to any of the original existing shareholders.**

C6-4   First of all, this is common sense anyway, but second of all, it's the law of the corporation drafted and set in place by the very person that violated It through his conspiracy with Debtor ECI under his control, and his crony

Chad Barton.

C6-5   ECI / Amazon Village Mini Mall was a free and clear business which owned

the real property of 11100 East Colonial Drive Orlando, Florida 32833.

One of the most important factors here is that ECI **was not allowed** to mortgage

Itself, nor indebt itself and **THAT IS EMPHASIZED** by the fact that Dello Russo

offered to capitalize the enterprise in exchange for 51% of it's stock and real

estate only in the essence of it's value, income, and profit, **but not in any way**

**of it's control, concept,  design, or operation.**

C6-6   Debtor ECI misappropriated **illegally** it's single largest asset by indebting

itself to Dello Russo, and then Wachovia Bank by using it's real estate asset

as collateral thus drastically devaluing the stock shares owned by Hastings,

Koepke, and Knott by over $7,000,000.00.

C6-7   Debtor ECI eventually and illegally disposed of it's largest asset by secretly

selling it at an intentionally ( low ball ) price of $8.2 million dollars.

Although opposing counsel has been attempting to portray that illegal

sale as legitimate, and properly valued based upon the fraudulently induced

MSA, **nothing could be further from the truth,** as is substantiated by numerous

documents which have been distributed among both the state court and the Bankruptcy Court, and are also used as exhibits in the instant case.

C6-8   Even though the sale was illegal, and far below the fair market and legitimate value of **$20,000,000.00** substantiated by numerous mortgage commitments and former purchase offers,  that below market sale of ECI's real estate **STILL** yielded a **PROFIT** of approximately **$1,600,000.00 , and in reality, the entire ( $8.2 million dollars )  was profit, as let's not forget that it was THE CAPITAL CONTRIBUTION OF DELLO RUSSO FOR HIS 51% STOCK…..**

C6-9   Debtor ECI and it's Director illegally and secretly misappropriated that $1,600,000.00 through a Bank Wire Transfer of Wachovia Bank **out** of Debtor ECI's corporate bank account and **into** the private and out of state trust account of **Dello Russo's wife Diane Dello Russo** who had no affiliation with Debtor ECI whatsoever.  This misappropriated profit of $1.6 million dollars was the money belonging to Hastings, Koepke, and Knott **which although far below** what they should have received, and were entitled to,  **was still theirs.  Diane Dello Russo was not a partner, and never loaned E.C.I. a dime.    She should be brought in as a co defendant.**

C6-10        Debtor ECI in conspiracy with it's sole Director and it's corporate

Counsel Kevin Ross intentionally withheld pertinent information about an

eminent domain issue regarding Orange County Florida paying them upwards

of a quarter of a million dollars for part of Debtor ECI's property, and that the

money derived from that sale was put in the pockets of ECI's sole Director and

Corporate Counsel Kevin Ross without any of the other shareholders even being

made aware that this transaction was already in negotiations during the

mediation, and subsequent resulting MSA of April 10, 2006.

C6-11        These and other misappropriations of assets, income, profits,

rights, and chattels are confirmed repeatedly by Hastings, Koepke, and Knott

in both the lower state case as well as Knott's own former Chapter 7 case,

and this instant case.

**WHEREFORE:**

Plaintiffs reaver and reallege each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiffs do indeed have merit, and those actions alleged by Plaintiff are

**NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent,

misrepresentative, conspired, malicious and callus nature.  That the Court

strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute

sanctions against ECI, it's sole Director, and it's corporate counsel for their

combined conspired orchestration of this sham Chapter 7 Petition, and their

abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike**

from the Federal level,  the **MSA** as a **sham and mandate said decision upon the**

**lower state court** for conspired actions and shams between ECI, it's sole Director

Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and

Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those

parties be sanctioned not only judicially, but monetarily by the court and that the

court impose what other just relief it deems appropriate.


## COUNT 7

## FAILURE TO DISCLOSE


C7-1   Debtor ECI before, during, and after the mediation of April 10, 2006

in which opposing counsel redundantly keeps claiming that all issues have been

resolved per the worthless and bogus fraudulently induced MSA is guilty of

**failure to disclose** on multiple issues, and levels, several of which should flat out **CANCEL & STRIKE** that MSA.

C7-2   ECI never disclosed to Hastings, Koepke, and Knott that it had illegally mortgaged the property of 11100 East Colonial Drive Orlando Fl 32817 in favor of ECI Sole Director Dello Russo in secret.

C7-3   ECI never disclosed to Hastings, Koepke, and Knott that it had taken that Illegal mortgage with Dello Russo and secretly converted it to yet another mortgage to Wachovia Bank in order to WASH the first forged mortgage.

C7-4   ECI never disclosed to Hastings, Koepke, and Knott that the money equating to approximately $4,250,000.00 illegally derived through ECI's first illegal mortgage with Dello Russo, and subsequently passed on through the illegal mortgage with Wachovia **went right into Dello Russo's pocket** completely unannounced to Shareholders Hastings, Koepke, and Knott thus placing them in multi million dollar debt.

C7-5   ECI did not disclose during the court ordered mediation of April 10, 2006 that although Hastings & Koepke were being sold ECI's alleged 51% stock which

allegedly belonged to Dello Russo that in reality, that stock had been secretly

divested, half of which was given to Dello Russo's crony Howard C Barton.

As such,  the MSA which clearly states that ECI shall provide said stock was

a pre conspired sham, and a fraudulent inducement **because that stock which**

**ECI / Dello Russo and corporate counsel Kevin Ross stated was owned by**

**Dello Russo DID NOT belong to Dello Russo because half of it was already**

**given away.**

C7-6   ECI did not disclose at that same mediation that it had already been

secretly negotiating with Orange County Florida in the eminent domain

transaction that eventually closed only 6 months after the MSA was executed

meaning TWO things.  #1  Hastings, Koepke and Knott were **not getting** the

same property as was purchased by ECI in May of 2004 because the property was

now reduced in size due to the eminent domain taking.        #2  That ECI,

it's sole Director, and ECI corporate counsel Kevin Ross were taking the

roughly quarter of a million dollars from that transaction, and keeping it

for themselves, and that Shareholders Hastings, Koepke and Knott would

get nothing.

C7-7   ECI **lied, misrepresented, and fraudulently induced** Hastings and Koepke

and eventually Knott to sign the MSA when ECI, it's Director, and corporate

counsel Kevin Ross failed to disclose that the C/O which was one of the four

documents mandated by the MSA which ECI / Dello Russo / Ross stated that

they had that all important document as well as the others in their possession,

and control, which was an intentional lie in order to secure the signatures of

Hastings, Koepke and Knott on the void ab initio MSA.

C7-8   ECI did not disclose at any time ever, that it harbored ill feelings, had

any conflict with,  or had a foundation on which to base false allegations and

legal basis or intention to file suit against innocent shareholder James Koepke

which initial suit was dismissed by Honorable Renee Roche as " BASELESS "

C7-9   ECI did not disclose that four years later after having violated every

single phase of the MSA that it would  **sue Koepke once again** for

baseless and completely unsubstantiated allegations while he tried to

enforce his rights to the very MSA that ECI, it's sole Director, and it's

corporate counsel Kevin Ross all violated.  THEN after Koepke was forced

to spend once again **more time, money, and effort to defend himself,**

ECI voluntarily withdrew the bogus 2nd. Baseless lawsuit which for the most

part mirror imaged it's former baseless lawsuit of 2005 also authored by

corporate counsel Kevin Ross.   E.C.I.'s corporate counsel SUING TWICE

the nicest, and easiest going partner of the company.  James Koepke.

C7-10      ECI did not disclose that it did not intend to honor it's obligations

which were set in concrete pursuant to the MSA.

C7-11      ECI did not disclose that KNOTT was never given his 19% shares

in stock certificates meaning that those stock certificates were in the control

of ECI, and yet ECI / Dello Russo and corporate counsel Kevin Ross agreed in

writing to it's obligations to return back to Koepke and Hastings each 5% gross

corporate stock out of the 19% stock that Knott allegedly owned.  Even to this

day of February 04, 2015,  those stocks were never produced by ECI nor it's

sole Director, nor it's corporate counsel Kevin Ross who told Hastings and

Koepke that it was TOUGH LUCK FOR THEM, and they'd have to go chase Knott

for their corporate  E.C.I. shares,  THE SHARES THAT KNOTT NEVER RECEIVED.

C7-12      ECI, it's sole Director, or Kevin Ross did not disclose to Hastings or

Koepke that it had indeed received the $75,000.00 insurance check that Hastings

sued for and was issued by Keidaish's malpractice carrier. That check was illegally

intercepted, forged, and stolen, and STILL that deposit was not returned after

E.C.I. , Dello Russo, and Ross refused to sell the alleged 51% shares back to

Hastings and Koepke.

C7-13      ECI did not disclose that ECI, it's sole Director, and it's corporate

counsel Kevin Ross **signed Hastings name on the insurance company's proof**

**of loss, and the insurance check for $75,000.00 that should have been made**

**out to Hastings.** ECI has ( continually, and still today ) refuses to disclose **any and**

**all related  communications, and documentation regarding Keidaish's insurance**

**company and it's payout to Hastings.  However,** ECI did indeed receive that

check, and since ECI is an inanimate entity, the check and the proof of loss

needing Hastings' signatures **could only have been ( forged ) by ECI sole**

**Director Dello Russo or ECI corporate counsel Kevin Ross.**  Either way,

somebody signed that proof of loss, and signed that check, and either one or

both of them need to go to jail for **check forgery for $75,000.00**.  ECI has

never disclosed any of those intentions, nor actions.

C7-14      ECI did not disclose that it had sold the property of

11100 East Colonial Drive Orlando, Florida 32817 **AND PROFITTED** approximately

**$1,600,000.00 which it secretly wired immediately OUT OF STATE to the private**

trust account of ECI's Director Dello Russo's WIFE Diane Dello Russo to New

York City.  Diane Dello Russo should now be commanded to appear before

this court and produce all of her own tax returns going back to when ECI sole

Director Robert G Dello Russo illegally backdated his bogus and forged mortgage

to the date of May 07, **( 2003 )**  which was an entire year before ECI was

even formed, and **NEITHER** Hastings nor Koepke **had any idea who**

**Dello Russo was.    They also didn't know Wilson Knott in 2003.  Ironically,**

**which Mr. corporate  counsel Kevin Ross never knew,  was that HASTINGS**

**HELD A FORMER CONTRACT FOR THAT SAME PROPERTY IN YEAR 2003.  So**

**It's 100% impossible for those forged and backdated mortgages, and notes**

**to be legitimate because ONLY HASTINGS and DEUTSHCE BANK along with**

**WELLS FARGO BANK had any rights whatsoever to the subject property.**

**Dello Russo was a nothing back then relating to this property.  He had NO IDEA**

**as he's admitted numerous times, that the property was even in foreclosure.**

C7-15        It's clear and evident that ECI in conspiracy and cooperation

with it's sole Director Dello Russo and it's corporate counsel Kevin Ross

has **stonewalled** Hastings, Koepke, and Knott for what is now over ten years.

Non stop deceit, misrepresentation, fraud, and **REFUSAL TO DISCLOSE**

information on every level that Shareholders Hastings, Koepke, and Knott

were at all times 100% entitled to.

**WHEREAS:**

Plaintiffs reaver and reallege each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiffs do indeed have merit, and those actions alleged by Plaintiff are

**NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent,

misrepresentative, conspired, malicious and callus nature.  That the Court

strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute

sanctions against ECI, it's sole Director, and it's corporate counsel for their

combined conspired orchestration of this sham Chapter 7 Petition, and their

abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike**

from the Federal level,  the **MSA** as a **sham and mandate said decision upon the**

**lower state court** for conspired actions and shams between ECI, it's sole Director

Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and

Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those

parties be sanctioned not only judicially, but monetarily by the court and that the

74

court impose what other just relief it deems appropriate.

**COUNT 8**

**INTENTIONAL CAUSATION OF DELAY IN STATE CASE**
**BY FILING AN UNFOUNDED & UNSUBSTANTIATED**
**BANKRUPTCY PETITION ON A CORPORATION**
**THAT WAS DISSOLVED IN 2008**

C8-1  This count specifically address two different instances of ECI, it's sole

Director Dello Russo,  and ECI corporate counsel Kevin Ross in their now twice

Intentional abuses of the U.S. BANKTUPCTY COURT.

C8-2  **The first** involves ECI shareholder Wilson A Knott who mostly due to

ECI and it's sole Director's, and corporate counsel's outright frauds, forgery,

and thefts by deception was forced to file Chapter 7 in June of 2012 which

originated before Judge Arthur Briskman, but was later transferred to Honorable

Judge Jennemann.  Case No.  **6: 12 BK – 07764 – ABB / KSJ**

C8-3  Without any authorization, discussion, notification, consultation, retainer,

 or engagement letter with former Debtor Wilson A Knott,  ECI corporate counsel

also simultaneously Dello Russo's personal counsel Kevin Ross representing the

firm Foley Lardner LLP along with his two co counsels Alan Poppe and Christina

Kennedy of the firm,  all threw their hats in the ring of Knott's Adversary

Proceeding without Knott even knowing it.   And having the audacity to

misrepresent to the Bankruptcy Court that they were authorized to represent

Knott in his Adversary Proceeding when it was clear and evident that they

were lying to the court.

C8-4   This was orchestrated by ECI Director Dello  Russo and Kevin Ross in their

attempt to turn Knott's Chapter 7 Bankruptcy into a complete mess, and thus

stall the lower state case that was set for jury trial in April of 2014, and was thus

eventually cancelled by the state court, and is now STILL in Limbo because of

the new ECI bankruptcy.

C8-5   Because ECI is a defendant and indispensable party in the lower state case,

stalling the processes in the lower state case had to be done at any and all costs

which could only be done by keeping Knott's bankruptcy case alive and tangled

up as long as possible.

**How exactly does this legally take place ?**

C8-6   If your Honor might remember,  the very first time Mr. Knott appeared

before Your Honor at the initial phase of his Adversary Proceeding, he had with

him,  a black folder / book which had all his points which he wanted to address

**PRO SE** as his answer to Hastings and Koepke's Adversary Proceeding.

C8-7   When Mr. Knott began to explain himself before Your Honor,  he was

told that the court was not going to entertain his statements, nor his pleadings

that he might have had,  because he was represented by counsel.   At that point

Mr. Knott became confused because although he did have his bankruptcy

attorney  Rob Pflueger representing him in the actual bankruptcy filing,

Mr. Pflueger informed Mr. Knott that his representation of Mr. Knott was only

for the bankruptcy filing, and follow through for discharge, and did not

include his legal representation in the new Adversary Proceeding, so Knott

decided to file his response pro se, but was thwarted from doing so by

Foley Lardner LLP's,  Kevin Ross's, Alan Poppe's and Christina Kennedy's,

unauthorized, and scathing pleadings against Hastings and Koepke.

C8-8   What ECI and Dello Russo, and ECI counsel Kevin Ross all achieved by

this illegal charade was what they intended from the beginning, **that being to**

**do what ever was necessary to stall the inevitable upcoming jury trial, and**

**It worked.**

## AS A SIDE NOTE,

Mr. Knott never saw, never discussed, and never signed any pleadings
submitted to the bankruptcy court and further, Mr. Knott was willing
to be deposed, and answer interrogatory questions but was never
informed of any of them.  Instead,  Foley Lardner LLP, Kevin Ross,
Alan Poppe, and Chrstina Kennedy repeatedly refused any
and all discovery stating that **THEIR CLIENT WILSON KNOTT
OBJECTS, AND REFUSES to be deposed, or answer
the questions of Hastings & Koepke.
ABSOLUTE AND COMPLETE ILLEGAL LIES.
ILLEGAL BECAUSE THEY WERE NOT HIS COUNSEL**

C8-9   So in an effort to stall and protect itself, and it's sole Director from the

inevitable jury trial,  Debtor ECI, it's sole Director Dello Russo,  Kevin Ross,

Alan Poppe, the firm of Foley Lardner LLP, and attorney Christina Kennedy

**INTENTIONALLY AND ILLEGALLY CAUSED AN APPROXIMATELY 18 MONTH**

**STALL OF THE LOWER STATE KOEPKE CASE # 2010-CA-004751-O** costing Hastings

Koepke and Knott immeasurable losses while ECI and it's associates obstructed

Justice by pretending to be representative counsel to a non existent client at

not only the expense of Hastings and Koepke but also of the very person that

they misrepresented to the bankruptcy court was their client when they knew

he was not.

C8-10        **The second** is the instant case of ECI now filing Chapter 7 which

is such an obvious sham upon the court that these jokers need to spend some

time behind bars AND be monetarily sanctioned for a sham filing.

C8-11        ECI has no reason and no basis to file Chapter 7 other than to once

again further delay the lower state Koepke case which benefits ECI AND it's sole

Director Dello Russo,  as usual at the expense of Shareholders Hastings, Koepke,

and Knott.   Killing E.C.I. in Chapter 7 only benefits Dello Russo and in some ways

lessens his liability in the state case, which is an OUTRAGE that should not be

allowed by this Federal Court to take place.

C8-12        Again Hastings states that ECI was administratively dissolved in

late September of 2008,  **and Hastings, Koepke, and Knott** were never informed

and not aware of this.  AND IT WAS DONE DURING STATE CASE PROCEEDINGS.

C8-13        ECI is not a huge or publically traded corporation.  It's a small

closely held private corporation with full and total disclosure at all times.

Once Hastings, Koepke, and Knott signed the extremely valuable purchase

contract held by them over to the newly formed ECI,   the Honeymoon was

over,  and it's been fraud, and theft, and misrepresentation continually for

what is now over ten years.

C8-14        To grant Debtor ECI a discharge after all that it's done

**with and for** it's sole Director **against** it's very own original founders and

broker Wilson Knott would be to **punish the victims for the crimes, frauds,**

**and misdeeds enacted upon those very victims all over again.**

C8-15        The ECI Chapter 7 bankruptcy **should be dismissed as a sham,**

and the most severe of penalties available to the court should be instituted

against ECI, it's sole Director Dello Russo, it's corporate counsel Kevin Ross,

and it's noticeably silent illegal partner Howard C Barton aka Chad Barton.

**WHEREFORE:**

   Plaintiffs reaver and reallege each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations

made by Plaintiff do indeed have merit, and those actions alleged by Plaintiff are

**NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent,

misrepresentative, conspired, malicious and callus nature.  That the Court

strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute

sanctions against ECI, it's sole Director, and it's corporate counsel for their

combined conspired orchestration of this sham Chapter 7 Petition, and their

abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court.

**Further,**  that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike**

from the Federal level,  the **MSA as a sham and mandate said decision upon the**

**lower state court** for conspired actions and shams between ECI, it's sole Director

Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and

Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those

parties be sanctioned not only judicially, but monetarily by the court and that the

court impose what other just relief it deems appropriate.

## COUNT 9

### LACK OF JURISDICTION TO INITIATE BANKRUPTCY
### UNAUTHORIZED DISSOLUTION & UNAUTHORIZED BANKRUPTCY OF COMPANY

C9-1   ECI failed to remove it's sole Director after his term ended which would

have been **May 06, 2005**

C9-2   Despite the objections, and demands of the remaining original

Shareholders, and demands in a then recently filed civil action filed against ECI, Dello Russo, Del Air Heating, Air Conditioning and Refrigeration inc., Attorney Philip F Keidaish Jr.  PA, and Philip F Keidaish jr personally, ECI  refused repeatedly to remove it's sole Director.

C9-3   As such,  ECI sole Director Dello Russo **according to the very bylaws he helped draft,**  Dello Russo **WAS NOT LEGALLY** the sole Director of ECI, but only held that position by force with money, and our own corporate counsel Kevin Ross totally against the desires, demands, and interests of the original Shareholders, and at their expense.

C9-4   As the foregoing counts, and details prove,  Dello Russo **HAD** to be removed as sole Director of ECI, and numerous attempts were made to the courts  by Hastings and former counsels for Plaintiff, but ECI and Dello Russo hired an army of attorneys to combat truth and justice, and he continually prevailed time after time until there was nothing left of ECI for him to plunder and abuse for his own self serving interest.

C9-5   There are pleadings on record whereby Hastings made **enormous efforts** both with counsel and in pro se status over the years whereby he **BEGS** the court

to please remove Dello Russo as the bylaws clearly stated, and replace him

with either Hastings or even a neutral Trustee which ECI would have paid for,

and the court repeatedly denied Hastings' pleas, THUS,  the business was

intentionally plundered and butchered to it's death while Hastings, Koepke,

and Knott were forced to stand on the side lines, and could only watch in horror.

C9-6   There is clear and evident factual basis proving that the other Shareholders

of ECI were entitled to their own terms at being  Director, President, Vice

President, Secretary, and Treasurer,  but even though Dello Russo and ECI signed

those documents, it was clear that they had ulterior motives which would be

at the expense of ECI's own existence, and the interests of the other original

shareholders, Hastings, Koepke, and Knott.

C9-7   Those bylaws and Shareholders' Agreement aka Buy & Sell Agreement both

prove that Dello Russo was for the lack of a better word,  *A PIRATE…*  and as such,

his actions against the other Shareholders' interests both with and without the

Input or cooperation of ECI, depending on what situation it was, were **clearly not**

**legal, and clearly AGAINST the very corporation and it's shareholders that he**

**was a Fiduciary for.**

C9-8   Dello Russo and his first attorney Keidaish drafted the bylaws, and the

Shareholders' Agreement.   NONE of the other original Shareholders had ANY

Input in those documents which were drawn up in advance, and presented for

all of us to sign as a take it or leave it scenario.

C9-9   So, that being said, then how can **either ECI or DELLO RUSSO  ( NOT )**

be guilty of violating the very guidelines and legal obligations that they

themselves created ?    The answer is that  **THEY ARE  guilty.**

C9-10      The documents state very clearly that **NO PARTNER** shall be able

to transfer, lien, indebt, sell, or trade his shares without FIRST getting the written

and unanimous approval of **ALL** of the other shareholders, AND by the way,

those shareholders get first right of refusal or right to purchase.  As one reads the

entire 20 + page document, it's clear and evident that even the Director or

President of ECI **cannot** push E.C.I.  in the toilet, or simply take it upon himself to

put it into bankruptcy, let alone ROB the place blind, and borrow against it,

and give half of his stock away to an unrelated outsider just because they're

Goombahs.

C9-11      All of this equates to **ILLEGAL COMMANDEERING & PIRACY.**

ECI, and it's sole Director **were not authorized by ANYONE** to partake in the

Illicit, covert, and illegal actions which they did by misrepresenting themselves as being authorized.

**Just because they did it doesn't mean it was authorized.**

C9-12       I direct the court's attention to the former Chapter 7 bankruptcy of Wilson A Knott wherein the law firm of Foley Lardner LLP,  attorneys Kevin Ross,  Christina Kennedy, and Alan Poppe all **knowingly, and intentionally misrepresented to Judge Arthur Briskman, and Judge Karen S Jennemann that they were Debtor Wilson Knott's attorneys in his Bankruptcy Adversary Proceeding.**

**OF COURSE THEY WEREN'T AUTHORIZED**
**That's not even a point of argument anymore**

**BUT THE FACT REMAINS,  THEY DID IT ANYWAY.**

**AND SO GOES DELLO RUSSO**
**And**
**his Alter Ego  E.C.I.**

C9-13       Dello Russo was not within his jurisdiction to dissolve ECI back in 2008, because there were 3 other shareholders, and this is a closely held private corporation.  It's not FORD MOTOR COMPANY where we only have common stock.   In a privately held close corporation, the stock is already termed as **PREFERRED STOCK** and there is no open public market with which

to purchase common stock which would only be available if the corporation

was brought public and there was an IPO.

C9-14        Likewise,  ECI, and it's sole Director Dello Russo were not within

their jurisdiction to put the corporation into Chapter 7 Bankruptcy.  Although

a corporation can file bankruptcy,  in this particular case whereby the corporation

has instituted suit against two of it's own shareholders ( founding shareholders )

of the corporation itself, **EVEN IF** the corporation has since withdrawn that suit,

damages have indeed been suffered by those shareholders the corporation sued.

C9-15        **BECAUSE** the corporation sued those shareholders by way of **even**

**by it's own standards, and admission a BOGUS and BASELESS lawsuit,** and then

subsequently **voluntarily withdrew it's own bogus suit against them,**  those

shareholders have suffered damages through a **fraudulent, and baseless action**

**meant to hurt, belittle, smear, and financially   FURTHER  devastate the**

**shareholders,  and as such ONCE AGAIN makes them victims of fraud through**

**the creation, and filing of a knowingly fraudulent lawsuit.**

C9-16        Such disingenuous, and egregious actions are clear and evident fraud

perpetrated by Debtor ECI,  it's sole Director Dello Russo and it's and our

corporate counsel in total conflict  on all levels Kevin K Ross Andino.

C9-17        As such,  there can be no misconstruing the fact that ECI, nor it's

sole Director whether on a personal level as a shareholder IN ANY AMOUNT

or as corporate Director,  ECI, nor it's Director **were not, and still are not**

**authorized to dissolve ECI nor put it into bankruptcy against the wishes,**

**and demands of the other original shareholders.   Further** that no authorization

exists because of the format with which ECI, and it's sole Director effected their

hierarchy by way of **PIRACY AND A COUP, and as such, and because the real**

**estate asset was wrongfully and illegally sold,  they are BOTH liable**

**as is the corporate attorney for monumental damages THAT CANNOT BE**

**DISCHARGED IN BANKRUPTCY because of their conspired and fraudulent**

**actions,  and further SHOULD NOT BE ALLOWED TO EVEN CONTINUE TO PLEAD**

**BEFORE THE U.S. BANKRUPTCY COURT and the bankruptcy petition should**

**be dismissed with prejudice based upon multiple counts of fraud.**


**WHEREFORE:**

   Plaintiffs reaver and reallege each allegation in the preceding counts, and

pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition

**6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation.  That it's

fraudulent, and filed in bad faith.  Further that the court find that the allegations made by Plaintiff do indeed have merit, and those actions alleged by Plaintiff are **NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent, misrepresentative, conspired, malicious and callus nature.  That the Court strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute sanctions against ECI, it's sole Director, and it's corporate counsel for their combined conspired orchestration of this sham Chapter 7 Petition, and their abuse of the laws of,  and protections offered by the U.S. Bankruptcy Court. **Further,** that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike** from the Federal level,  the **MSA** as a **sham and mandate said decision upon the lower state court** for conspired actions and shams between ECI, it's sole Director Dello Russo,   Dello Russo personally, and ECI's corporate counsels Kevin Ross and Terry Young against shareholders Hastings, Koepke, and Knott,  that each of those parties be sanctioned not only judicially, but monetarily by the court and that the court impose what other just relief it deems appropriate.

### COUNT 10

### COLLUSION WITH CORPORATE COUNSEL & THIRD PARTY TO STEAL BY DECEPTION & SECRET, THAT WHICH RIGHTFULLY BELONGED TO THE ORIGINAL SHAREHOLDERS WHILE SIMULTANEOUSLY COLLAPSING THE COMPANY AFTER IT'S COMPLETE PLUNDER

C10-1        ECI, and it's sole Director Dello Russo conspired with Dello Russo's

friend and partner in other businesses, Howard C Barton ( Barton ) to secretly

divest half of Dello Russo's 51% stock ownership in ECI to Barton against all rules,

of the ECI bylaws, and Shareholders' Agreement aka Buy / Sell Agreement.

C10-2        Plaintiffs allege that ECI allowed this illegal transaction to take place

in order that Barton could then use the equity in ECI, and it's DBA Amazon Village

Mini Mall and the real estate property that Amazon Village existed, and operated

upon, owned by ECI.  That is  11100 East Colonial Drive Orlando, Florida 32817.

C10-3        That equity was used to bolster Barton's own financial status on his

assets and liabilities sheets on the loan application of the U.S. Government's ESOP

loan program under the Department of Labor for his American Door & Millwork

Company.

C10-4        ECI also allowed itself to be used as equity in Dello Russo's own

other unrelated business namely Del Air Heating, Air Conditioning, and

Refrigeration inc. for HIS own ESOP loan application.

C10-5        The corporate bylaws and Shareholders' Agreement clearly

prohibited these actions, but regardless, they were done in secret, and

perpetrated through the conspiracy of ECI, it's sole Director Dello Russo

and Chad Barton completely unbeknownst to the original shareholders

Hastings, Koepke, and Knott.

C10-6       ECI, and it's sole Director Dello Russo conspired with ( our )

ECI corporate counsel Kevin Ross to **fraudulently induce** Hastings, and Koepke

to sign a **knowingly ( void ab initio ) settlement agreement known as the MSA.**

C10-7       ECI, it's sole Director Dello Russo and corporate counsel Kevin Ross

along with Ross' s co counsel Terry Young, both with Lowndes Drosdick at that

time declared that they had certain specific documentation in their possession

and control which Plaintiff counsels and the mediator Larry Watson of the firm

Upchurch Watson in Maitland all stated to attorneys Ross and Young as well

as ECI and Dello Russo that in order for Hastings, and Koepke to perform their

buy out of Dello Russo's alleged 51% of ECI's corporate stock, that those specific

documents were mandatory, and key components of the pending MSA which

had not yet been signed.

C10-8       ECI, it's sole Director, Kevin Ross and Terry Young all stated, and

agreed in writing on the MSA that they did have in their possession, and

would provide said documents no later than 96 hours from the execution of the

MSA and would deliver same directly to attorney Gary Siegel who represented

innocent 3rd party defendant James Koepke who's bogus case against him by ECI,

and it's sole Director Dello Russo was ironically dismissed by Judge Renee Roche

as " BASELESS " at least 3 hours prior to the signing of the  MSA.   **ECI,  it's sole**

**Director it's and OUR corporate counsel Kevin Ross and Terry Young refused,**

**and failed to deliver said documents pursuant to the exacting specifications of**

**the MSA,  then told Hastings and Koepke  " TOUGH LUCK "**

C10-9        What  Hastings learned  after the immediate violation of the MSA

by ECI, it's sole Director Dello Russo and corporate counsel Kevin Ross and

attorney Terry Young is that **they intentionally lied during the mediation,**

**and collectively misrepresented their possession of said documents, and**

**their intentions to follow through with what they obligated to do under**

**the MSA to allow them to escape the inevitable and forthcoming jury trial.**

C10-10       ECI, it's sole Director and corporate counsel Kevin Ross **intentionally**

**kept secret during and after the mediation the fact that Dello Russo DID NOT**

**own the 51% ECI stock shares that all of them claimed that he did, and would**

**sell to Hastings & Koepke pursuant to the terms of the MSA.** ECI was obligated

to provide the aforementioned pertinent documentation, and 51% of it's gross

corporate stock shares of ECI allegedly owned by it's Director Dello Russo, but

that could not have possibly been finalized since Dello Russo had already illegally

disposed of half of this original stock in ECI by divesting half of what he owned

to his partner in other unrelated businesses namely Howard C Barton. **Which**

**transaction ECI, it's sole Director Dello Russo, and Chad Barton have all denied**

**ever took place, and further in deposition Chad Barton swore he had no**

**knowledge whatsoever of any type of ECI stock transfer to him. Barton also**

**denied ever having anything to do with ECI's banking, or the signing of any**

**ECI or Amazon Village checks whatsoever.**

C10-11      After Barton's denials were made and insisted upon to be true by

him under oath at his deposition,  attorneys for Hastings and Koepke produced

several ECI / Amazon Village checks as well as numerous ECI stock certificates

and minutes of a private meeting which took place in February of 2005 notating

the specific, and illegal transfer of that DENIED stock transfer showing that in fact

25.5% of ECI gross corporate stock was transferred from Dello Russo to ECI and

then to Chad Barton. Barton denied knowing anything about anything from the

checks that he finally admitted he did sign, and his illegal stock which he claimed

he knew nothing about.    **Perhaps a U.S. Bankruptcy Federal Court Order**

**commanding the production of ANY AND ALL ESOP related applications**

**specifically those personal and corporate assets and liabilities sheets of**

**BOTH Dello Russo and Barton might yield the REAL truth, which Hastings**

**already knows, but wants the court to see for itself.**

C10-12      ECI participated in all of these frauds, and charades, and allowed

Itself to be used as equity and possibly collateral and was complicit in the

misrepresentation on Federal Loan ESOP documents tendered by Dello Russo

and Barton and their respective and co owned corporations.  Corporate counsel

Kevin Ross was right in the middle of all of this, and as corporate counsel with

full knowledge that these were illegal transactions and against the bylaws of the

corporation **intentionally failed, and refused** to notify the original shareholders

namely Hastings, Koepke, and Knott, further, and illegally devaluing their stocks

C10-13      Attorney Kevin Ross made exhausting efforts to prevent Hastings,

Koepke and Wilson Knott from gaining ANY access to information regarding

these actions, and was instrumental in perpetrating, and continuing the

conspiracies and frauds upon Hastings, Koepke, and Knott all in his efforts to work

**solely on behalf of Dello Russo and his alter ego ECI  AGAINST**  the other original shareholders.

C10-14      ECI, it's sole Director Dello Russo and corporate counsel Kevin Ross conspired to steal the money that would be derived from the eminent domain transaction with Orange County Florida, and even during the court ordered mediation of April 10, 2006, this all important information was **intentionally left out** of the negotiations because ECI, Dello Russo and Kevin Ross conspired and knew that they were not going to follow through with the MSA if they could only get Hastings and Koepke to sign it, and that divulging the pending ¼ million dollars coming in from the eminent domain would thus **HAVE** to be applied to the balance reduction in the shares that Hastings and Koepke were going to purchase from Dello Russo.  So ECI, it's sole Director, and corporate counsel Kevin Ross **intentionally withheld critical financial and legal information  during the mediation of April 10, 2006 which was immediately detrimental to Hastings, Koepke, and Knott, and as such has severely damaged them.   The MSA was INTENTNIONALLY  void ab initio.   If the Bankruptcy Court is within it's jurisdiction to do so,   Plaintiffs would ask that because of the gross frauds, and malicious intent that the MSA be stricken and that order be placed**

**upon the lower state court as a mandate.**

**WHEREAS:**

Plaintiffs reaver and reallege each allegation in the preceding counts, and pleads with the U.S. Bankruptcy Court to find that the ECI Chapter 7 petition **6: 14-BK-09589- KSJ** is unwarranted with no substance or foundation. That it's fraudulent, and filed in bad faith. Further that the court find that the allegations made by Plaintiffs do indeed have merit, and those actions alleged by Plaintiff are **NOT** dischargeable in the U.S. Bankruptcy Court because of their fraudulent, misrepresentative, conspired, malicious and callus nature. That the Court strike and dismiss the bogus and fraudulent ECI Chapter 7 Petition, and institute sanctions against ECI, it's sole Director, and it's corporate counsel for their combined conspired orchestration of this sham Chapter 7 Petition, and their abuse of the laws of, and protections offered by the U.S. Bankruptcy Court. **Further,** that if the U.S. Bankruptcy Court is within it's jurisdiction, then to **strike** from the Federal level, the **MSA** as a **sham and mandate said decision upon the lower state court** for conspired actions and shams between ECI, it's sole Director Dello Russo, Dello Russo personally, and ECI's corporate counsels Kevin Ross and Terry Young against shareholders Hastings, Koepke, and Knott, that each of those parties be sanctioned not only judicially, but monetarily by the court and that the court impose what other just relief it deems appropriate.

**DEBTOR E.C.I. AND DELLO RUSSO NEED TO EXPLAIN
TO THE BANKRUPTCY COURT
AND TO HASTINGS, KOEPKE, AND KNOTT
HOW AND WHY ALL OF A SUDDEN
E.C.I. ( NOW )  ADMITS THAT IT OWES
HASTINGS, KOEPKE, AND KNOTT EACH $1.5 MILLION DOLLARS**

***FAR LESS than what it truly does***

**AND THEN OWES HIMSELF $1,000,000.00 AFTER
HE ALREADY SOLD THE ECI PROPERTY AT A PROFIT
AND
WHEN HE ALREADY SIGNED A LETTER TO THIS COURT
THAT WILSON KNOTT NEVER GOT ANY MONEY
AND HAS ALWAYS PROCLAIMED THAT
HASTINGS, KOEPKE AND KNOTT
WERE NEVER DUE ANY MONEY**

**SINCE DELLO RUSSO ( ADMITS )
THAT E.C.I. OWES THE PLAINTIFFS ALL THIS MONEY
AND SINCE DELLO RUSSO AND E.C.I. ARE ALTER EGOS OF EACH OTHER
THEN IT'S COMMON SENSE THAT DELLO RUSSO
SHOULD BE FORCED TO PAY ALL WILSON KNOTT'S CREDITORS IN FULL.
AND THE STATE CASE SHOULD ALSO CONTINUE TO MOVE FORWARD**

Respectfully submitted,

/S/ Gregory A Hastings   02/04/2015

Gregory A Hastings      02/04/2015

CERTIFICATION

I hereby certify that the foregoing is true and correct to the best of my knowledge and ability to secure documentation.

I further certify that I have provided a copy of same to opposing counsel named below


/S/ Gregory A Hastings    11/02/2014

Gregory A Hastings          11/02/2014          02/04/2015

Copy provided to

Ryan E Davis
Winderweedle Haines Ward & Woodman PA
329 Park Avenue North
Second Floor 32789
Post Office Box 880
P.O. ZIP 32790-0880
Winter Park, Florida
**Ph.** (407) 423-4246
**Fx.** (407) 645-3728